# The State *ex rel.* Johnson *v.* Lovejoy, Judge, &c.

## Proceedings for Impeachment of Probate Judge.

1. *Impeachment for corruptly charging and receiving fees and willful neglect of duty; what necessary for conviction.*—In a proceeding for the impeachment of a probate judge upon the grounds that he corruptly charged and received fees or compensation as probate judge, and that he willfully neglected the duties imposed upon him by law, in order to authorize a conviction resulting in the impeachment sought, it is necessary that the evidence introduced should show beyond a reasonable doubt that he was guilty of the charges or some one of them; and in the absence or proof sufficient to show his guilt beyond a reasonable doubbt, the defendant should be acquitted.

This was an impeachment proceeding originally commenced in the Supreme Court by the filing of a petition or information by Thomas L. Johnson and others in their own behalf and for the State, wherein they averred

in many several specifications that J. H. Lovejoy, judge of probate of Etowah county, in the State of Alabama, while acting as said judge of probate corruptly charged and received fees in several instances and transactions, and also by separate and several specifications that said Lovejoy as said judge of probate was guilty of willful neglect in the discharge of his duty as said judge of probate of Etowah county.

The information contained thirty-eight specifications, which separately charged several and distinct instances of alleged corruption in corruptly charging and receiving fees and for willful neglect of duty.

In the respondent's answer to said information he denied the several allegations contained therein, and pleaded not guilty. The case was tried before the Supreme Court upon oral testimony.

MOTLEY & CARSON and GOODHUE & BLACKWOOD, for relators.

DORTCH & MARTIN and BURNETT, HOOD & MURPHREE, *contra,* cited *St. Clair County v. Smith,* 112 Ala. 349; *In re Wheelock,* 3 N. Y. Sup. 891; *Rogers v. N. C. & St. L. R. Co.,* 91 Fed. Rep. 323; *State v Mayor,* 40 N. J. L. 257; Black on Interpretation of Laws, 116; *Neldur v. Clark,* 77 Am. St. Rep. 917; *Schlaff v. District of Columbia,* 135 U. S. 240.

PER CURIAM.—Upon a consideration of the evidence in this case we are satisfied beyond a reasonable doubt that the respondent as probate judge of Etowah county charged and received fees or compensation in several of the instances alleged in the information to which he was not entitled under the law, but we are not so satisfied that he charged and received such fees or compensation corruptly in any instance; nor are we satisfied beyond a reasonable doubt that the respondent was guilty of the willful neglect of duty charged in one or more of the specifications of the information. We, therefore, find and conclude that the respondent is not guilty as charged in the information; and judgment will be entered accordingly.