[State v. Jeter.]

# State *v.* Jeter.

*Habeas Corpus.*

(Decided June 30, 1909.   50 South. 330.)

*Judgment; County Court; Form.*—Under section 6720, Code 1907, a judgment of conviction in the county court which recites that the court after hearing all the evidence in the case finds the defendant guilty, and assess a fine of $150.00 and costs, and in addition to the fine and costs, sentences the defendant to hard labor for the county, for a period of three months; and the defendant failing presently to secure the fine and costs, he is sentenced to additional hard labor for the county 269 1-3 days at 75 cents per day to pay the fine and costs which is $201.78; and should the defendant later pay the fine and costs to the clerk, the sentence to hard labor to pay same will be remitted, is in substantial compliance with the form prescribed and is therefore, a proper judgment of conviction.

APPEAL from order of Judge of Probate, Coffee County.

Heard before Hon. S. N. ROWE.

Application of Willie Jeter, on habeas corpus, for his discharge from judgment and sentence of the county court of Coffee county. From an order granting his discharge, the state appeals. Reversed and rendered.

The warrant and affidavit under which Jeter was arrested charged simple assault and battery, and was made returnable to the county court of Coffee county, where the same was tried, and the following judgment entry made: "The court, after hearing all the evidence in the case, finds the defendant guilty, and assesses a fine of $150 and costs, and in addition to the fine and costs sentences the defendant to hard labor for the county for three months. The defendant, failing presently to pay or secure the fine and costs, he is sentenced to additional hard labor for the county 269 1-3 days, at 75 cents per day, to pay said fine and costs, which is $201.78. Should the defendant later pay fine and costs to the clerk, the sentence to hard labor to pay fine and costs will be remitted."

[State v. Jeter.]

ALEXANDER M. GARBER, Attorney-General for the State.—At the time of the issuance of the writ the defendant was lawfully held under a proper judgment and the discharge was unauthorized.—Section 6720, Code 1907; *Taylor v. The State,* 114 Ala. 20.

J. A. CARNLEY, for appellee. No brief came to the Reporter.

SIMPSON, J.—The defendant, Willie Jeter, was convicted in the county court of the offense of assault and battery, and was sentenced to pay a fine of $150, and also to perform hard labor for the county for three months, as shown by the judgment of the court, which will be copied in the statement of this case. A writ of habeas corpus was sued out before the judge of the probate court, under which the prisoner was discharged; and this appeal is by the state from that judgment.

It is evident that the theory on which the prisoner was discharged by the probate judge was that the judgment of the county court was not sufficient in form. The legislature, recognizing the fact that judges of the county courts are not always learned in the law, has provided a simple form of judgment in such cases. The form is: "On hearing the evidence the court is satisfied of the guilt of the defendant, and awards the following punishment (here state the punishment imposed), and the costs of the proceedings." Code 1907, § 6720. The judgment of the county court is in substantial conformity with the form prescribed. Consequently the judge of the probate court erred in discharging the petitioner.

The judgment of the judge of the probate court is reversed, and a judgment will be here rendered, dismissing the petition, and remanding the petitioner to the custody of the law.

Reversed and rendered.

DOWDELL, C. J., and DENSON and SAYRE, JJ., concur.