MARK D. EAGLETON, Appellant, v. RICHARD MURPHY.—156 S. W. (2d) 683.

Division One, October 30, 1941.

Rehearing Denied, December 12, 1941.

*Emmet T. Carter* for appellant.

950

*Fred M. Joseph* and *Philip S. Alexander* for respondent.

DOUGLAS, J.—The question submitted for decision is wheth-·er a member of the Board of Education of St. Louis can be removed during his succeeding term because of misconduct committed during his preceding term.

Appellant, as President of the Board, instituted this proceeding to remove respondent from membership on such board. He charges that respondent became interested in a contract with the board in that, as a representative of a bond house, he sold bonds to the Superintendent of Instruction for the investment of school funds which the Superintendent was holding as trustee and that such sale

was in violation of a statute. The statute involved sets out the qualifications of the members of the board and the oath to be taken by them. It states in part: ''They (the members) shall not hold any office, except that of notary public, in such city or state, nor be interested in any contract with or claim against the board, either directly or indirectly. If at any time after the election of any member of said board he becomes interested in any contract with or claim against the board, either directly or indirectly, or as agent or employee of any individual, firm or corporation, which is so interested, he shall thereupon be disqualified to continue as a member of said board, and shall continue to be so disqualified during the remainder of the term for which he was elected. Every member of such board shall, before assuming the duties of his office, take oath . . . that he will not, while serving as a member of such board, become interested in any contract with or claim against said board, directly or indirectly, or as agent or employee of any individual, firm or corporation which is so interested . . .'' [Sec. 10727, R. S. 1939, Mo. Stat. Ann., sec. 9572, p. 7307.]

The petition shows on its face that such sale had taken place during the preceding term of respondent and that some time after the sale that term had expired and he had been reelected for another and succeeding term which he was serving at the time the petition was filed. The court below sustained respondent's demurrer to the petition whereupon an appeal was taken to this court.

The question for decision is a novel one in this State although it has been before the courts of other States. It was raised in the recent case of State ex inf. v. Wymore, 345 Mo. 169, 132 S. W. (2d) 979, but this court found it was unnecessary in that case to consider it and reserved passing upon it.

Cases considering this question are gathered in 17 A. L. R. 279, in the annotation to Attorney General v. Tufts, 239 Mass. 458. These cases are in conflict and seem to be evenly divided. This divergence of opinion, as the annotator points out, is due in part to differences in statutes and in constitutional provisions. However, one of the chief points of difference turns on whether reelection to the same office indicates continuous service rather than a new office. The Tufts case, supra, holds that where an official succeeds himself by a second election in substance and effect it is a continuous service. Therefore, misconduct committed in an earlier term is not confined as basis for removal to that term alone, but constitutes ground for removal in a later term. This holding is approved and followed in Opinion of Justices (Mass.), 33 N. E. (2d) 275. The cases taking the contrary view hold that each official term is a separate entity and a citizen whom the electors have ▮ chosen to a public office cannot be deprived of such office because of some misconduct in a prior term on the theory that the electorate is presumed to know the record of a candidate and

condones any misconduct by reelection. [See In re Fudula (Pa.), 147 Atl. 67; State v. Blake (Okla.), 280 Pac. 833; Jacobs v. Parham (Ark.), 298 S. W. 483.] A recent Florida case hinges the question on whether the *offense* is a continuing one. It holds a finished offense known and condoned by reelection can not be the basis for removal in the new term but where the offense arises from the neglect of a continuing duty which carries over into the succeeding term, then ouster may be decreed in the succeeding term. [State ex rel. Hardee v. Allen (Fla.), 172 So. 222.]

Whatever doctrine may be followed its application is qualified by existing statutes or constitutional provisions where such may exist. A case involving the same provision for removal as is before us here is State ex rel. Brickell v. Hasty, 184 Ala. 121, 63 So. 559, 50 L. R. A. (N. S.) 553. There the provision under consideration was "removal from office and a disqualification . . . during the term for which the officer was elected." In a removal proceeding the court held that under such a provision misconduct in a previous term could not serve as a basis for removal in a succeeding term. Likewise, in the Opinion of Justices, supra, the court held that past misconduct may relate to a succeeding term because in the case before it "the permissible penalty goes beyond removal from office and disqualification to hold the office during the remainder of the term in which the misconduct or maladministration occurs."

Since the "permissible penalty" in the case at bar by its very provisions stops at disqualification solely for the remainder of the term in which the misconduct occurs it is unnecessary for us to pass on the question submitted.

However, as an additional ground of removal the petition charges that respondent was guilty of gross misconduct because in the sale complained of he sold such securities to the board at double the current market price.

To sustain this ground for removal appellant urges us to follow the rule permitting removal for misconduct in a previous term and argues that it may be applied and ouster be decreed under another section of the statutes applicable to the board. This section provides in part: "The circuit court of such city shall have jurisdiction over the members of such board of education and its officers to require them to account for their official conduct in the management and disposition of the funds, property and business committed to their charge; . . . to remove any such member or officer upon proof or conviction of gross misconduct or disqualification for his office; . . ." [Sec. 10743, R. S. 1939, Mo. Stat. Ann., sec. 9586, p. 7315.] Appellant contends the sale of the bonds to the board at a price far in excess of the market constitutes such gross misconduct as is contemplated and comes within the terms of this section and furnishes an additional ground of removal. If the charge so made is true (we take it

as true only in ruling the demurrer) respondent is guilty of the grossest sort of misconduct regardless of the fact he turned over his own securities in escrow as a guaranty of the bonds sold as the petition states he did. Yet, when by the same act he violated the provision of Section 10727, and thereby the specific promise of his oath of office, he was then and there guilty of gross misconduct. [See In re Williams (Mo. App.), 128 S. W. (2d) 1098; Mechem, Public Offices and Officers, sec. 457.] And this would be true even if the sale had been made at or below the market. For this offense the legislature has made full and particular disposition in Section 10727. It has prescribed the offense and has provided definitely and precisely for disqualification from office upon the doing of the prohibited act. This is for the protection of the public, rather than as punishment for a breach of trust. Upon the commission of the offense the respondent was "thereupon" disqualified and he "shall continue to be so disqualified during the remainder of the term for which he was elected." The language is plain that the disqualification is automatic and commences at once upon the commission of the offense and continues only for the remainder of the term during which the offense occurred.

This Section 10727 has a special application to a particular kind of gross misconduct while Section 10743 is a general provision covering gross misconduct. Under the established rules of statutory construction where there are two laws relating to the same subject they must be read together and the provisions of the one having a special application to a particular subject will be deemed to be a qualification of, or an exception to, the other act general in its terms. [State ex inf. Barrett v. Imhoff, 291 Mo. 603, 238 S. W. 122; State ex rel. Buchanan County v. Fulks, 296 Mo. 614, 247 S. W. 129.] Under the application of this rule the consequence of respondent's gross misconduct, so far as it affects his membership on the board, is limited by Section 10727 to ouster for the balance of the term during which the offense was committed. We are powerless to extend under cover of Section 10743 this consequence set out by the legislature explicitly and within definite limits. The case of Mauch v. Kuhs (Mo.), 191 S. W. 425, throws no light on the issues of this case because the removal sought and accomplished there was evidently conducted in strict accordance with the terms of the statute.

The judgment dismissing the petition is affirmed. All concur.