**COMMONWEALTH ex rel. FUNK, Attorney General, v. HUNTSMAN.**

Court of Appeals of Kentucky.

March 13, 1951.

N. Goebel Goad, Scottsville, Charles R. Bell, Bowling Green, for appellant.

W. D. Gilliam, Scottsville, for appellee.

HELM, Justice.

Appellee, Rory O. Huntsman, was elected Mayor of Scottsville for a four-year term. He qualified and entered upon the duties of his office on January 3, 1950. This was his third term as Mayor. On January 21, 1950, he presented to the city council of Scottsville a bill for iron pipe sold and delivered during a former term to the Scottsville Gas Company, a company owned by the City. The council paid the bill. Shortly afterwards the council declared the office of Mayor vacant and elected H. E. Morehead to fill the vacancy. Huntsman instituted action No. 2226 in the Allen Circuit Court alleging usurpation of the office by Morehead.

The court adjudged that the acts of appellee in selling pipe to the City and collecting $392 for it was a violation of the provisions of KRS 61.270, and that appellee

automatically vacated the office of Mayor upon acceptance of the money from the City. No appeal was filed. Morehead continued to serve as Mayor. Huntsman became a candidate for the office of Mayor at the November election, 1950, at which state officers were elected in accordance with the provisions of section 152 of our Constitution. Huntsman received 360 votes, Morehead 290 votes. After receiving his certificate of election, Huntsman took the oath of office and entered upon his duties as Mayor on November 10, 1950. On November 22, 1950, action No. 2260 was filed in the Allen Circuit Court by the City of Scottsville against appellee, alleging that Huntsman was ineligible to serve. The above facts were stipulated.

The trial court, in an opinion, said:

"It is * * * true that there have been many decisions from the highest courts of the various states * * *. Decisions may be found in * * * L.R.A. 1916D 960. I will not discuss these decisions which are varying and contradictory, because it will be found that most of them depend upon varying statutes or constitutions of the states where the decisions were rendered. It is my opinion that the Constitution and the Statutes of Kentucky are sufficient for the proper and correct decision of this case. The only penalty applied to a Mayor who deals with his own city to his own profit is one of vacation of his office. As shown by KRS 61.270 * * *. There is no future disqualification provided * * *.

"Section 86.240 provides that a vacancy in an elective city office 'shall be filled by the City Council subject to the provisions of Section 152 of the Constitution.' That section of the Constitution provides that upon such a vacancy in office, the office shall be filled by appointment until the next annual election at which a state officer is to be chosen, and 'then said vacancy shall be filled by election for the remainder of the term.'

"Vacancy in office merely means it is empty, lacking an incumbent. The council, therefore, was authorized to appoint Mr.

Morehead as Mayor to fill the vacancy in this office until the election of November 7, 1950. * * *

"As it is admitted that an election for a state officer was properly held on November 7, 1950, and that at such election Huntsman and Morehead both were candidates, and that Huntsman received a majority of the votes, it is the judgment of this court that he must be declared entitled to hold that office from the time he received a certificate of his election and was duly sworn in as required by law."

The present action, No. 2264, was filed December 6, 1950, setting out the above facts and alleging that appellee, Huntsman, is a usurper ineligible to serve any part of the remainder of the term to which he was elected, and praying that he be so adjudged; that he be removed and that a vacancy be declared to exist in the office.

Appellee demurred to the petition. The demurrer was sustained. Appellant, declining to plead further, the petition was dismissed. This appeal results.

In support of appellant's position, cases from other states are cited. We are referred to State ex rel. Thompson v. Crump, 134 Tenn. 121, 183 S.W. 505, L.R.A.1916D, page 959; State ex rel. Attorney General v. Hasty, 184 Ala. 121, 63 So. 559, 50 L.R.A., N.S., 553; 17 A.L.R. 279–283, and Graham v. Jewell, 204 Ky. 260, 263 S.W. 693. The annotations in 50 L.R.A. and 17 A.L.R. deal with acts during prior term as ground for removal of officer. That question is not at issue here. The annotation in L.R.A. 1916D, deals with re-election of public officers after ouster for misconduct. The cases cited are from other states under varying Constitutions and Statutes. The Graham case deals with an attempted removal of a county school superintendent by a county board of education for alleged incompetency and misconduct in a previous term of office. This is not the question here.

Our Kentucky Constitution, sections 68, 150, 151, 239, and appropriate sections of our statutes, set out disqualifications for holding office. For example, KRS

61.100, in keeping with section 239 of the Constitution, provides that any person convicted of dueling shall be disqualified to hold any office. KRS 432.350(2) provides that named officials who take any bribe to do or omit to do any act in their official capacity, shall forfeit their office and be disqualified from the right of suffrage for ten years. KRS 124.190, in keeping with sections 150 and 151 of the Constitution, provides that a person convicted of bribery at an election shall be excluded from office and suffrage.

 Scottsville is a city of the fourth class. KRS 61.270 provides: "If any officer of a city of the fourth class becomes directly or indirectly interested as agent, principal or surety in any contract with the city, he shall thereby vacate his office, * * *." Vacate means to leave empty or unoccupied. Here appellee, in accordance with the above statute, by his act voluntarily vacated his office.

 As we have pointed out above, some of our statutes annex to the sentence a disqualification to hold office. In such cases where the disqualification is annexed as a part of the punishment, the statute sets it out in express terms. KRS 61.270 provides no disqualification preventing the one vacating an office from being selected by an election in the future. Here Morehead had filled the vacancy until the next annual election to be held in accordance with section 152 of the Constitution and KRS 86.-240. There is no provision in the statute that appellee should not at that election be elected to serve for the remainder of the four-year term. In the absence of such disqualification, we believe the trial court reached the correct conclusion.

The judgment is affirmed.