Louis H. ANTOINE, Oscar A. Ehrhardt and Daniel L. Schlafly (Plaintiffs), Appellants, James F. Morell, Plaintiff,

v.

George H. FLETCHER (Defendant), Respondent.

No. 29949.

St. Louis Court of Appeals.

Missouri.

Dec. 3, 1957.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 7, 1958.

Grand, Peper, Martin & Roudebush, Malcolm W. Martin, George A. Jensen, St. Louis, for appellants.

Daniel P. Reardon, Joseph G. Stewart, St. Louis, for respondents.

DEW, Special Commissioner.

The petition in this case, filed by four members of the Board of Education of the City of St. Louis, asks a decree of the court removing respondent from office as Commissioner of School Buildings for the City of St. Louis on the grounds of misconduct and disqualification for such office, and prays for general relief. The respondent, as defendant, filed a motion in the trial court to dismiss the cause on the grounds that the court lacked jurisdiction of the subject of the action, and that the petition did not state facts upon which relief can be granted. Without stating whether on one or on both grounds, the trial court sustained the motion and dismissed the

cause with prejudice. Appellants thereupon took this appeal from the order of dismissal.

The petition alleges the capacity of the plaintiffs as members of the Board of Education of the City of St. Louis; the status of the defendant as Commissioner of School Buildings appointed by said board; and pleads that part of Section 165.583, RSMo 1949, V.A.M.S., which provides as follows: "The circuit court of such city shall have jurisdiction over the members of such board of education and its officers to require them to account for their official conduct in the management and disposition of the funds, property and business committed to their charge; to order, decree and compel payment by them to the public school fund of all sums of money, and of the value of all property which may have been improperly retained by them, or transferred to others, or which may have been lost or wasted by any violation of their duties or abuse of their powers as such members or officers of such board * * *; *to remove any such member or officer upon proof or conviction of gross misconduct or disqualification for his office;* to restrain and prevent any alienation of property of the public schools by said members or officers, in cases where it may be threatened * * * *". (Italics supplied.)

The petition further pleads that part of Section 165.600 authorizing the Commissioner of School Buildings to appoint as many janitors, engineers and other employees as may be necessary for the proper performance of the duties of his department, for whom he shall be responsible and whom he may remove. The petition states that the defendant (respondent) "willfully hired 13 employees, whose services were not required, necessary or justified for the proper performance of the duties of defendant's department", and "hired the aforesaid employees solely for political purposes with full knowledge that the services of such employees were not

required, necessary or justified for the proper performance of the duties of defendant's department". It is alleged that the defendant placed the names of such employees on the records of the board and thus wrongfully and willfully wasted the wages so paid to such employees in the total amount of $24,605; that under said Section 165.583, the defendant is disqualified for his office "because of a lack of responsible judgment, character and integrity necessary to the performance of his duties". It is further alleged that the plaintiffs have no adequate remedy at law. The prayer is that the court enter its decree removing defendant from his office, and for general relief.

■ We first direct our attention to a motion filed in this court to dismiss this appeal or affirm the order appealed from, under authority of Supreme Court Rule 1.15, 42 V.A.M.S., for the reason assigned that the appellants, in the preparation of their main brief, have failed to comply with Supreme Court Rule 1.08. Rule 1.15 authorizes the appellate court to dismiss an appeal or affirm the order or judgment appealed from if the appellant has failed to comply with Rule 1.08 (and certain other rules) unless good cause is shown or the interests of justice otherwise require, in which event the court may suspend such rules in a particular case. Rule 1.08 prescribes certain requirements pertaining to the contents of appellants' main brief.

Respondent here first asserts that appellants have violated Rule 1.08, subparagraph (a) (2), requiring of the appellant a statement of facts and specifying the form of such statement. The transcript in this case consists of only ten pages. It contains the petition, motion to dismiss, the order of the court sustaining the motion, the appeal and a few entries of record not material herein. There was, of course, no testimony, as no trial was had. We consider the short statement of facts in ap-

pellants' main brief to note correctly and sufficiently all the pleadings and entries required for the present appeal.

■ Respondent claims further that the appellants' "Points Relied On" do not state why the court erred in dismissing the cause, thus failing to comply with Rule 1.08(a) (3). This requirement, so frequently violated or ignored, has been the source of much concern on the part of appellate courts of the state, and specifies that the brief must show wherein and why it is contended the court erred in its actions complained of. Ambrose v. M. F. A. Co-op. Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647, separate opinion by Hyde, J. The two points relied on herein were thus stated in appellants' brief: "I. The Circuit Court erred in sustaining defendant's motion to dismiss on the ground that the Court lacked jurisdiction of the subject matter of the action alleged. II. The Circuit Court erred in sustaining defendant's motion to dismiss on the ground that plaintiffs' petition does not state facts upon which relief can be granted". Where, as here, the issue of jurisdiction of the subject matter and the issue of the sufficiency of the petition to state facts upon which relief can be granted are to be determined solely from the face of the petition and the statutes pertaining thereto, and the reasons upon which the appellants predicate, their challenges on these two issues are made plain and evident, the omission of a further statement explanatory of such points relied on is not sufficient to justify dismissal of the appeal.

■ The third and last ground of the motion to dismiss this appeal is that the appellants, in the "Argument" of their main brief, fail to supply references to the transcript in support of the assertions contained therein. Rule 1.08(c). Here, too, on an appeal from a dismissal of a cause in a case where the transcript consists of only ten pages, four of which comprise the only entries necessary to consider with

the points relied on, the omission of page references to the transcript is inconsequential. The motion to dismiss this appeal is denied. Mack Motor Truck Corp. v. Wolfe, Mo.App., 303 S.W.2d 697.

■ On the merits of this appeal, the issues, in the order presented to the trial court, resolve themselves into two inquiries: (1) Assuming, as we must for present purposes, that the facts alleged in the petition are true, are they sufficient to charge respondent with gross misconduct and disqualification for his office as Commissioner of School Buildings of the City of St. Louis? (2) If so, does the circuit court of the City of St. Louis have jurisdiction to hear and determine such subject-matter in this action, brought by the appellants, and to decree the removal of the respondent from his office? We think it proper to consider the second inquiry first, as do the parties in their briefs, and for the further reason that if it be determined that the circuit court does not have jurisdiction of the subject of the action, then the first inquiry will become moot insofar as the present action is concerned.

The statutes relating particularly to the public school district comprising the City of St. Louis are Sections 165.563 to 165.653 RSMo 1949, V.A.M.S. The appellants rely on the express terms of Section 165.583, quoted in the petition, for the jurisdiction of the circuit court to entertain their present action. The additional part of that section, subsection 2, not set forth in appellants' petition, reads, in part, as follows: "The jurisdiction conferred by sections 165.563 to 165.653 shall be exercised as in ordinary cases upon petition, filed by or at the instance of *any member* or officer of such board, or at the instance of any ten citizens and householders of such city, who shall join in such petition * * *". It provides for a summary hearing on "[a] ten days' notice in writing to the member or officer complained of", for

an appeal as in other cases, for a speedy determination, and that an appeal shall not operate as a supersedeas "of a judgment of suspension *or removal from office*". (Italics supplied.)

The respondent contends that the above Section 165.583 is merely a general statute, giving the circuit court general jurisdiction over the Board of Education, its members, officers and employees, in the performance of their duties as such, but that Section 165.600 is a special statute relating specially to the office and duties of the Commissioner of School Buildings, and must govern in this case. That part of Section 165.600 not pleaded in the petition, relates solely to such Commissioner of School Buildings, outlines his duties, including authority, subject to the approval of the board as to the number and salaries, to appoint as many engineers, janitors and other employees as necessary for the proper performance of the duties of his department and to remove them, and concludes with subsection 2, as follows: *"The commissioner of school buildings may be removed by the board of education for cause by a two-thirds vote of the entire board"*. (Italics supplied.) As stated, respondent takes the position that this section, being a special statute, limits, qualifies and takes precedence over Section 165.583 as to the same subject matter, and as such provides the only procedure and method for the removal of the respondent from his office, and affords the appellants an adequate remedy at law of which appellants have failed to avail themselves. He also points out that the petition does not allege that the Board has wrongfully failed to remove him nor has abused its discretion in such matter.

There are, incidentally, similar sections dealing specially and solely with the secretary, treasurer and auditor of the Board, respectively (Sections 165.620 and 165.627), and in each appears a provision for removal of such officer from office by the Board of Education for cause by a two-

thirds vote of the entire Board. There is no contention that the respondent is illegally holding or usurping his office, nor that this action is in the nature of a quo warranto proceeding. The Supreme Court of Missouri, to which this appeal was first taken, stated in its order of transfer to this court that the title to office was not involved within the meaning of the Constitution of Missouri.

Appellants maintain that the mere fact that Section 165.600 gives to the Board also a right of removal of the Commissioner of School Buildings for cause conditioned upon a two-thirds vote of its entire membership does not deprive the circuit court of its equity jurisdiction in proceedings to remove such officer for misconduct and disqualification for office upon a petition of a member of the board, vested under the plain terms of Section 165.583; that to a certain extent the court and the board thus have concurrent jurisdiction of removal proceedings; that the two sections and all the sections pertaining to such school district must be considered in pari materia, citing the case of State ex rel. Brokaw v. Board of Education of City of St. Louis, Mo.App. 1943, 171 S.W.2d 75, decided by this court and so holding; that accordingly the sections should be harmonized and, so far as possible, the force and effect of each should be preserved; that to construe Section 165.600 as wholly depriving the circuit court of its equity jurisdiction to entertain an action such as this, plainly so authorized by Section 165.583, would be to depart from and to violate the rule of construction in pari materia. Appellants deny that the doctrine of "exhaustion of administrative remedy" is applicable to or required in this case, where the question is whether the alleged acts of respondent constituted gross misconduct or disqualification for office under the law. Appellants further argue that such construction would also deprive any "officer" or "any ten citizens or householders" of their right to maintain such a proceeding in a circuit court and

would leave them with no remedy for such removal, notwithstanding the plain provisions to the contrary, in Section 165.583.

In support of his argument that Section 165.600 prevails over Section 165.583 and destroys any right to bring suit in the circuit court to remove a Commissioner of School Buildings, respondent cites and relies heavily on the case of Eagleton v. Murphy, 348 Mo. 949, 156 S.W.2d 683, 138 A.L.R. 749. In that case the trial court sustained a demurrer to the petition. There the president of the Board of Education of the City of St. Louis sought a decree of the circuit court of that city to remove a member of the Board for misconduct, consisting of becoming interested, as a representative of a bond house, in a contract with the Board, by selling to the superintendent certain bonds for investment of school funds held by him in trust. The petition also charged the defendant with gross misconduct because the price for which the bonds were sold was twice the current market price. Affecting the first charge; Section 10727, R.S.Mo.1939 (now Sec. 165.567), relating especially to the qualifications of members of the Board of Education, specifically forbids members to "become interested in any contract with or claim against the board, either directly or indirectly", and provides that if any such member did so after his election, he, thereupon, became "disqualified to continue as a member of said board, and shall continue to be so disqualified during the remainder of the term for which he was elected". That section further requires such member to take oath before assuming office that he would not become so interested in any such contract or claim. The petition showed on its face that the sale in question had been made during a previous term of the defendant's office, and that he had since been re-elected. The Supreme Court ruled that the permissible penalty for the precise conduct complained of was limited to disqualification for misconduct only during the term during which the misconduct occurred. In so hold-

ing, the court applied the provisions of the present Section 165.567, the special statute, to the suit in equity, as to the penalty for such conduct, and as to the existence of any misconduct presently punishable.

Also, in the Eagleton case, supra, the petition further charged misconduct in the sale of bonds to the superintendent at double the current market price, and it was argued that under Section 10743, R.S.Mo. 1939 (now 165.583), removal might be decreed for misconduct during a preceding term of office. The Supreme Court found that the misconduct sought to be pleaded under the authority of the present Section 165.583 was the identical misconduct described in the present Section 165.567 which, "has a special application to a particular kind of gross misconduct, while Section 10743 (165.583) is a general provision covering gross misconduct". The court said, 156 S.W.2d at page 685, that where there are "two laws relating to the same subject they must be read together and the provisions of the one having a special application to a particular subject will be deemed to be a qualification of, or an exception to, the other act general in its terms". The court further said that the consequence of the defendant's gross misconduct alleged was ouster for the remainder of his term during which the misconduct occurred and the court could not extend it under Section 10743 (165.583). The judgment dismissing the petition was affirmed.

It will be noted that the jurisdiction of the circuit court over the subject of the action was not challenged in the Eagleton case, supra, but it was the fact that the prescribed penalty for the exact conduct charged had ceased to exist with the expiration of the term of office during which such conduct occurred, and as to this aspect the court applied the special statute which defined the precise misconduct charged, and the exact penalty therefor. As we construe that case it, in effect, holds that in whatever respect a special statute conflicts with a statute of general character, the special statute, in that respect, will prevail. We do not deem that case as authority for the proposition that because a special statute conflicts with and prevails over a general statute in one particular, it nullifies the general statute in other particulars.

Both parties cited the case of State ex rel. Brokaw v. Board of Education of City of St. Louis, supra, decided by this court. It was held in that case that the statutes here involved should be considered in pari materia in order to elucidate the true legislative intent. The court held that there was no authority given to the board in any of the statutes to remove its Superintendent of Instruction as there was in respect to certain other named officers of the board; that jurisdiction to remove him is lodged in the circuit court under Section 165.583, and that the board could be enjoined from hearing any charge and from making any orders for the dismissal of the superintendent. The court said, 171 S.W.2d at page 84: "The statutory authority for any ten citizens and householders of the city to invoke the jurisdiction of the circuit court for all purposes of article 19 is in clear, unambiguous words", and (at page 82) that Section 165.583 "provided for trial and removal from office of the superintendent (or other officers) by an impartial court, acting under a code of procedure which would insure a fair and impartial trial, and to further safeguard the rights of the parties provided that an appeal shall lie from the judgment of the circuit court as in other causes".

■ Considering the provisions of the statutes in pari materia, the arguments of the parties as to their true meaning and intent and the cases construing them, it is our conclusion that it was not the intention of the Legislature, by that part of Section 165.600, giving to the Board of Education a right to remove the Commissioner of School Buildings for cause on a two-thirds vote of its entire membership, thereby to withdraw and to nullify the plain provision

of Section 165.583, expressly purporting to confer upon the circuit court jurisdiction to decree the removal of an officer of the board for gross misconduct or disqualification for his office upon the petition of any member or officer of the board or any ten citizens and householders. The court and the board may have concurrent jurisdiction in proceedings to remove the Commissioner of School Buildings, subject to statutory limitations of each. For example, the remedy of removal given to the board may or may not be availed of by it, since at least eight members would have to vote in favor of such removal and, of course, no law will undertake to dictate how a member of such board shall vote. Such, of course, would not be an adequate remedy at law available to the individual minority member, officer or citizen, whose only recourse for such removal is to institute an action in the circuit court upon their own petition under Section 165.583.

■ While the provisions of the special statute 165.600 may qualify and prevail over the provisions of the general statute 165.583 in some respects, it is only in such respects and to that extent only that the provisions of 165.583 are nullified or modified by it as in the Eagleton case, supra. We do not think the remedy given the board in Section 165.600 to remove the Commissioner of School Buildings is so contradictory of or in such conflict with the removal powers of the circuit court provided in Section 165.583 as to deprive the circuit court of the subject matter of·a suit to remove the Commissioner of School Buildings for misconduct or disqualification for his office. Nor do we consider the remedy so afforded the board to remove such Commissioner to be an adequate remedy at law available to the appellants in this case.

■■ It was well said in Priest v. Oehler, 328 Mo. 590, 600, 41 S.W.2d 783, 787: "To deprive the court of equity of jurisdiction, the remedy at law must be so plain, complete, and adequate that it attains the full end and justice of the case,· reaching the whole mischief and securing the whole right of the party in a perfect manner, not only at the present time, but also in the future; in other words, it must be as perfect and adequate as would be the remedy in equity".

For the reasons stated, we rule that the petition in this case discloses that the circuit court of St. Louis had and has jurisdiction of the subject of this action.

■ We next consider the remaining ground of the motion in the trial court to' dismiss this cause, namely, that the petition does not state facts upon which relief can be granted. Respondent insists that the petition contains no allegations of fact, properly pleaded, to support the charge of misconduct or disqualification for office; that the averments of the petition that his acts were done solely "for political purposes" and constituted "gross misconduct", that he "is disqualified for office", that the 13 employees hired by respondent were not required or necessary, and that the wages paid them were wasted, are all mere conclusions, and are not admitted by the motion to dismiss. It is claimed that the petition does not state who the persons so employed were, what services they performed, nor what were the political purposes of their employment, and, in .fact, fails to state properly any fact or facts upon which relief can be granted.

The petition does, however, allege that the respondent hired such persons "wilfully" and solely for political purposes "with full knowledge that the services of such employees were not required, necessary or justified for the proper performance of the duties of defendant's department": "Knowledge" is defined in Webster's International Dictionary, Second Edition, as "acquaintance with fact; state of being aware of something or of possessing information; hence, scope of information; as it has come to my knowledge". If appellants prove the fact, as alleged, that re-

spondent hired the 13 employees *"with full knowledge* that the services of such employees were not required, necessary or justified for the proper performance of the duties of his department", they ipso facto, prove the fact of which they allege he had knowledge. Such proof would establish such conduct as would require a determination by the court whether removal from office should ensue, and if so, to so decree. It cannot be said, as a matter of law, that such "knowledge" cannot be proved, as by deposition, written or oral admissions or by other admissible evidence.

■ Nor can we agree with respondent that it is essential to the appellants' cause of action to allege that the board has arbitrarily or unreasonably failed to act on the subject of respondent's removal, nor that appellants, as members of the board, could have started proceedings for removal within the board, since, as we have noted, the statutory authority given appellants to institute the present action is, under the rule of construction, in pari materia, not conditioned upon any such prerequisites, and because, further, such recourse, as suggested by respondent, would not be a clear, plain and adequate remedy even if considered a remedy at law.

■ Neither can we find merit in the suggestion that we must assume the board had properly exercised its statutory duty under Section 165.600, and had approved the number of the employees and their salaries, and that it is not alleged that respondent hired more men than approved by the board. The fact alone that the board may have approved the number of the men so employed and their salaries, would not absolve the respondent of misconduct in hiring them when he had full knowledge that their services were not required, necessary or justified for the proper performance of the duties of his office.

It is our opinion that under the applicable statutes, and for the purposes of the mo-
tion to dismiss for failure to state facts upon which relief can be granted, the petition states sufficient facts upon which the relief prayed may be granted.

The motion of the respondent to dismiss this cause was improperly sustained. The order and judgment of the court dismissing the cause with prejudice should be reversed and the cause remanded. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion of DEW, Special Commissioner, is adopted as the opinion of the court.

The order and judgment of the trial court dismissing said cause with prejudice is reversed and the cause is remanded.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.

On Respondent's Motion for Rehearing

DEW, Special Commissioner.

By his motion for rehearing or in the alternative to transfer this cause to the Supreme Court of Missouri, respondent asserts that the opinion recognizes Section 165.583 to be a statute having general application to the remedy here sought, namely, the removal from office of the Commissioner of School Buildings of St. Louis, Missouri; that it recognizes Section 165.600 to have special application to such officer including his removal for cause; and that to hold such conflict of jurisdiction insufficient to exclude the matter of his removal from the terms of Section 165.583 is contrary to controlling authorities cited.

■ It is true that the opinion recognizes Section 165.600 to have special application to the office of the Commissioner of School Buildings, but that section was by no means intended to preempt the field of supervision over the conduct of such public school official affecting the public interests.

The removal of such commissioner by the Board of Education under Section 165.600, although "for cause," is limited to cases in which removal is favored by the votes of at least eight members of the entire Board. The removal of such officer by the Circuit Court provided by Section 165.583 is permissible only upon proof or conviction of gross misconduct or disqualification for his office and only upon the petition of a member of the Board or an officer thereof or by a group of ten citizens or householders, notwithstanding the fact that eight or more of the members of the Board have not voted for the removal.

It is made plain in the opinion that the remedy for removal provided for under Section 165.600 is a remedy conferred only upon the Board, subject to the supporting votes of at least eight of its members. The remedy provided by Section 165.583 is a remedy vested solely in the particular individuals named and upon the grounds specified. The remedy for removal under Section 165.583 standing alone would extend to cases, such as the case at bar, in which the Board has no authority to remove, for want of the necessary votes, of at least eight of its members favoring removal.

■ The point is again overlooked by respondent that while Section 165.600 is a special statute in that it pertains solely to the office of the Commissioner of School Buildings, the removal provisions therein are not made exclusive, either literally or impliedly. If that statute prescribed the procedure and the penalty in cases where the Commissioner hired employees with full knowledge that their services were not required, necessary or justified for the proper performance of the duties of his office, the jurisdiction of the Board for removal would be exclusive under such special provisions, and the situation would be the same as in the case of Eagleton v. Murphy, 348 Mo. 949, 156 S.W.2d 683, 138 A.L.R. 749, relied on by the respondent. But there is nothing appearing in Section 165.600 to exclude the remedy for removal plainly provided for in

Section 165.583. Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089; United States v. Fritz Properties, D.C., 89 F.Supp. 772.

■ Respondent urges that the opinion is incorrect in failing to recognize the "exhaustion of administrative remedy" rule in this case, and cites the case of State ex rel. Scott v. Scearce, Mo.App., 303 S.W.2d 175, decided by this court. He overlooks the principle of law reiterated in that case that such doctrine does not apply when the statutes, to be construed in pari materia as here, expressly provide for redress in court. It presupposes a complete absence of judicial power to deal with the matter because of a legislative grant of exclusive primary jurisdiction to an administrative agency. 73 C.J.S. Public Administrative Bodies and Procedure § 40, p. 349 et seq.

Section 165.600, under which respondent claims the Board had the sole and exclusive authority to determine his removal, is, like Section 165.583, only a part of the Act of the Legislature in 1897 and was passed at the same time. In the Scearce case, supra, the court quoted with approval from the case of Clark v. State Personnel Board, 61 Cal.App.2d 800, 144 P.2d 84, 86, as follows: "When, as here, the act provides for a rehearing and makes no provision for specific redress in the courts, the rule of the exhaustion of administrative remedies supplies such omission by requiring a rehearing as a condition precedent to an appeal to the courts."

Respondent further complains that the opinion in effect rules that the remedy of removal by the Board is inadequate because its members might not do their duty as enjoined upon them by statute. Cases are cited which hold that it must be presumed that public officials will efficiently perform their duties. The opinion nowhere holds that Section 165.600 requires the members of the Board, in order to perform their duties, to vote in favor of removal of an officer charged with gross misconduct or disqualification for office, nor to vote in the

negative, since the manner of their voting is plainly left discretionary by the statute. The Legislature, however, saw fit to make provision, as a part of the same measure, for a trial of the matter in court on such grounds, at the instance and upon the petition of the individuals prescribed.

The motion of the respondent for a rehearing, or in the alternative to transfer to the Supreme Court, is overruled.

PER CURIAM.

The foregoing opinion of DEW, Special Commissioner, is adopted as the opinion of the court.

Accordingly, respondent's motion for a rehearing, or in the alternative to transfer to the Supreme Court, is overruled.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.