PER CURIAM.
This is an appeal from a judgment of impeachment of the Treasurer of Jefferson County, Horace Parker.
The question presented is whether an office holder may be impeached for an offense involving moral turpitude which occurred prior to his assumption of office. We hold that he cannot and reverse.
It should be noted at the outset that we are not dealing with a situation where an *807 office holder is indicted, convicted and sentenced for a crime, and is then removed from office by virtue of that sentence. Tit. 41, § 162, Code of Alabama 1940, Recompiled 1958. Instead, this is a situation where one is sought to be impeached (removed from office only) for an offense committed by him before he took office.
On December 7, 1973, the grand jury of Jefferson County returned a report recommending that appellant be impeached.
On March 29, 1974, the State of Alabama, through Attorney General William J. Baxley, filed an information of impeachment and prayer for ouster in the Circuit Court. The charges in the information were essentially identical to those in the grand jury report but were amended several times prior to trial. What remained was charge one and specification three.
Charge one alleged that appellant had committed an offense or offenses involving moral turpitude during his present term of office, or committed under color thereof, or connected therewith. Specification three averred that appellant did unlawfully and corruptly incite Jack Edward Pratt 'and Beverly R. Pratt to commit the felony of the corrupt offering, promising, or giving of a bribe.
The substance of the State’s case was that appellant told Jack Pratt and Beverly Pratt that he would appoint Beverly Pratt to the office of Deputy-Treasurer of Jefferson County if she would agree to give him some $2,000.00 annually from her salary.
The -State’s case rested on the testimony of the Pratts and a tape recording of an alleged telephone conversation between Mrs. Pratt and appellant. Appellant denied asking the Pratts, or either of them, to give him any money in exchange for appointing Mrs. Pratt to the deputy treasurer post. He denied ever having offered her the job.
There are numerous assignments of error. Since we are reversing on one of those assignments, it will be unnecessary to discuss the others.
It is undisputed that appellant was elected to the office of Treasurer of Jefferson County in the general election held November 7, 1972; that he signed an official bond to secure his faithful performance in office on December 19, 1972; that he signed an oath of office dated December 19, 1972; and that he was installed and actually took office on January 15, 1973. According to the evidence, the alleged incitement occurred on January 10, 1973. This was after appellant had been elected but before he had assumed the office of County Treasurer. Appellant contends that a public officer may not be impeached for acts which occurred prior to the actual commencement of his term and prior to the actual assumption of his duties. It is upon this ground that appellant submits that the information charging him with having committed an offense involving moral turpitude “during his present term of office,” “under color of holding said office,” or “connected with the holding said office,” was faulty and subject to his motion to quash and demurrer.
Section 173, Article 7, of the Constitution of Alabama, 1901 provides that certain state officers may be removed from office “for willful neglect of duty, corruption in office, incompetency, or intemperance in the use of intoxicating liquors or narcotics to such an extent, in view of the dignity of the office and importance of its duties, as unfits the officer for the discharge of such duties, or for any offense involving moral turpitude while in office, or committed under color thereof, or connected therewith.”
Section 175, Article 7, declares that various county officers, including county treasurers, “may be removed from office for any of the causes specified in section 173 of this Constitution.” Tit. 41, § 178, Code of Alabama, 1940, Recompiled 1958, provides that a county treasurer may be im *808 peached and removed from office for “any offense involving moral turpitude while in office, or committed under color thereof, or connected therewith.”
An impeachment proceeding under our Constitution is a criminal prosecution. State ex rel. Attorney General v. Buckley, 54 Ala. 599; State ex rel. Attorney General v. Tally, 102 Ala. 25, 15 So. 722; State ex rel. Attorney General v. Robinson, 111 Ala. 482, 484, 20 So. 30; Batson v. State, 216 Ala. 275, 113 So. 300; State ex rel. Knight v. deGraffenreid, 226 Ala. 169, 146 So. 531. Constitutional and statutory provisions in such cases are to receive strict construction in favor of the accused. Nelson, et al., Jury Corns, v. State, ex rel. Blockwell, 182 Ala. 449, 62 So. 189.
In State ex rel. Attorney General v. Hasty, 184 Ala. 121, 63 So. 559 (1913), this court held that acts of a previous term cannot be made the basis of charges for impeachment. The court adopted as one of the bases for its holding the so-called “con-donation theory.” Simply stated, the “con-donation theory” is that re-election to an office operates as a condonation of the officer’s conduct during the prior term.
The officer in Hasty was charged with willful neglect of duty, incompetency and corruption in office. Although the court omitted the “connected therewith” language of § 173, in its references to that section, it was in the Constitution at that time. And the court made no suggestion that had the information charged an offense involving moral turpitude, evidence of offenses during the prior term would have been grounds for impeachment.
The other basis for the court’s decision was § 176 of the Constitution, which limits the punishment upon impeachment to removal from office and disqualification from holding office for the term for which the officer was elected or appointed.
The court in Hasty, in concluding that all grounds of impeachment based upon the conduct of Hasty during his previous term should be stricken, stated as follows:
“It seems to be the policy of our Constitution to make each term independent of the other and to disassociate the conduct under one term from the qualification or right to fill another term, at least so far as the same may apply to impeachment proceedings, and as distinguished from the right to indict and convict an offending official.” 184 Ala. 125, 63 So. at 561.
Thus, while it is clear that an officer cannot be removed from office for conduct which occurred during a prior term, the question for consideration here is whether a public officer may be impeached for acts which occurred prior to the actual commencement of his term and prior to the actual assumption of his duties. We do not think the law provides for impeachment for such acts.
In State ex rel. Mullis v. Mathews, 259 Ala. 125, 66 So.2d 105 (1953), the Sheriff of Russell County was charged with willful neglect of duty. The court cited Hasty with approval and said:
“The acts of a respondent during a previous term may be considered as evidential facts, in so far as they are connected with or bear upon, the respondent’s general course of conduct during the second term, for the limited purpose of inquiring into the motive and intent of the respondent as to the acts and omissions charged to him during the second term, but an official cannot be removed because of his conduct during a previous term. State ex rel. Attorney General v. Hasty, 184 Ala. 121, 63 So. 559, 50 L.R.A.,N.S., 553. The present term of office of the respondent began on January 15, 1951, and this information against him was filed in this court on July 1, 1952. Consequently, the only acts of omission or commission which may be made the basis of removal from office are those committed by respondent *809 during that period of time.” 259 Ala. at 140, 66 So.2d at 118.
Although the court in Mathews was not concerned with the period after election and prior to taking office, it suggested that acts occurring during that period could not be considered in an impeachment proceeding.
In the present case, the alleged incitement occurred prior to appellant’s taking office, and appellant never hired Mrs. Pratt. Thus, none of the acts complained of occurred during appellant’s term of office.
Appellee contends that the acts for which appellant was impeached were committed “under color of” the office of county treasurer or “connected therewith.” We cannot agree.
In Mobile County v. Williams, 180 Ala. 639, 61 So. 963 (1913), the court accepted the definition of “color of office” set forth in Bouviers Law Dictionary: Color of office is “where a wrong is committed by an officer ‘under the pretended authority of his office.’ ” 180 Ala. at 650, 61 So. at 967. The court also gave the following example:
“ . . .Of course, if one who has been an officer should, after the expiration of his term as a public official and after he had ceased to act as such official, lay claim to a fee to which he was not legally entitled and should collect the fee, he could not be said to have made that claim and collection under color of his office, for in such a case, when he made the illegal claim and collection, he held no office which could give color to his act.” 180 Ala. at 652, 61 So. at 967.
In this case, Parker was not in office at the time of the alleged act and therefore it cannot be said that he committed the act “under color of” the office.
We have found no cases in Alabama or in any other jurisdiction which have construed the words, “connected therewith,” in the context found here. However, we cannot see how an individual’s acts could possibly be connected with an office which he did not hold either de jure or de facto at the time the alleged acts were committed.
Any other construction of the two phrases, “under color thereof,” or, “connected therewith,” would be at variance with prior holdings of this court.
The judgment is due to be and is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
MERRILL, BLOODWORTH, MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
JONES, J., with whom HEFLIN, C. J., concurs, dissents.