# UNITED STATES of America, Plaintiff-Appellee,

v.

# Michael G. THEVIS, the Book Bin, Inc., and Pendulum Books, Inc., Defendants-Appellants.

## No. 75–1168.

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1976.

Rehearing Denied March 3, 1976.

Gilbert H. Deitch, Michael Clutter, Atlanta, Ga., for Thevis.

Robert Eugene Smith, Atlanta, Ga., for The Book Bin & Pendulum Books, Inc.

John W. Stokes, U. S. Atty., Jerome J. Froelich, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, THORNBERRY and MORGAN, Circuit Judges.

BELL, Circuit Judge.

Appellant Thevis, The Book Bin, Inc., and Pendulum Books, Inc., were convicted on numerous counts of violating 18 U.S.C.A. § 1461 which prohibits the mailing of obscene matter.[1] The subject matter of each count of the indictment involved particular magazines, books, or advertising circulars. Each of the advertising circulars promoted the sale of at least one of the books or magazines charged in other counts of the indictment. The district court instructed the jury to apply the three-pronged test of *Memoirs*.[2]

---

1. Originally charged in a seventeen count indictment with violating 18 U.S.C.A. §§ 1461, 1462 and 1465, were the appellants, Joan C. Thevis, wife of appellant Thevis, Peachtree News Co., Inc. and Peachtree National Distributors, Inc. Subsequently, the government dismissed counts one and fifteen, leaving only the appellants and Joan C. Thevis as defendants. At trial, the district court granted the defend-ants' motion to dismiss as to four of the counts. The jury returned a verdict of not guilty on all counts as to defendant Joan C. Thevis.

2. *A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Massachusetts*, 1966, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1.

Appellant Thevis was found guilty on all counts. Appellant Pendulum Books, Inc. was convicted on counts two, three and four, while The Book Bin, Inc. was convicted on counts eight, eleven and fourteen. Appellant Thevis was sentenced to a term of three years imprisonment on each count, the sentences to run concurrently with each other, but consecutively with a five year sentence previously imposed in a federal obscenity prosecution in the Eastern District of Louisiana.[3] Thevis was also fined $5,000 on each count for an aggregate fine of $45,000. The corporate appellants were each fined $5,000 on each count for an aggregate fine of $15,000. We reverse with respect to one count and affirm as to the remaining counts.

Appellants present three arguments in urging reversal. These are: (1) that the three year sentence of appellant Thevis, when imposed consecutively with the sentence imposed in the Eastern District of Louisiana, constitutes cruel and unusual punishment in violation of the Eighth Amendment; (2) that as to appellant Thevis, the evidence in the record is insufficient to establish the element of scienter, and (3) that the publications charged against the appellants are not obscene and are thus a protected expression under the First Amendment. We address these arguments seriatim.

## I. Cruel and Unusual Punishment

The crux of appellant Thevis's argument is that his actions were undertaken during a period of uncertainty in the law of obscenity. As a result, he urges that the total length of his incarceration amounts to a cruel and unusual punishment, imposed despite a bona fide attempt to anticipate the position of the Supreme Court. Because we apply the *Memoirs* standard *infra,* and thus judge the material in question by a standard well known at the time of appellants' actions, this argument has no force.

Appellant Thevis also argues that because of the nature of the crime, and the changing attitudes of society toward sex, his punishment is excessive. In construing the cruel and unusual punishment clause of the Eighth Amendment, however, this court must confine its inquiry to whether conditions of confinement "shock the conscience," are greatly disproportionate to the offense, or offend evolving notions of decency. *Trop v. Dulles,* 1958, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630; *Weems v. United States,* 1910, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793. We view appellant's sentence in light of the discretion inherent in the district court, and decline to hold that a three year sentence, to be served consecutive to a five year sentence imposed in another prosecution, is cruel and unusual. On sentences in obscenity cases where the cruel and unusual argument has been made, see *Harris v. United States,* 5 Cir., 1957, 239 F.2d 612; *Heath v. United States,* 8 Cir., 1967, 375 F.2d 521. *See generally United States v. Sanchez,* 5 Cir., 1975, 508 F.2d 388; *United States v. Simpson,* 5 Cir., 1973, 481 F.2d 582; *United States v. MacClain,* 10 Cir., 1974, 501 F.2d 1006.

## II. Scienter

The second argument of appellant Thevis is that there was insufficient evidence proving scienter. As the Supreme Court stated in *Hamling v. United States,* 1974, 418 U.S. 87, 123, 94 S.Ct. 2887, 2910, 41 L.Ed.2d 590, 624,

> It is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributes, and that he knew the character and nature of the materials. To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law.

---

**3.** *See United States v. Thevis,* 5 Cir., 1974, 490 F.2d 76, affirming the conviction of appellant Thevis.

Thevis contends that the government did not prove his knowledge of the contents of the publications at issue. The verdict must be sustained however, if there is substantial evidence, taking the view most favorable to the government, to support it. *Glasser v. United States,* 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; *Hamling v. United States, supra,* 418 U.S. at 124, 94 S.Ct. at 2911, 41 L.Ed.2d at 624.

We find, as in *Hamling,* that based on the evidence before it, the jury was entitled to infer that appellant Thevis, as president, sole shareholder, and a corporate official directly concerned with the day to day activities of the corporations, was aware of the mail solicitation efforts and of the contents of brochures, magazines and books.

### III. Obscenity vel non

■ Appellants were convicted on November 11, 1971, a date prior to the Supreme Court's decisions in *Miller v. California,* 1973, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 and related cases.[4] Appellants urge that the materials in question must be judged by the *Redrup*[5] standard, which they assert the Supreme Court applied at the time of their offense.

This argument is foreclosed by our opinion in *United States v. Thevis,* 5 Cir., 1973, 484 F.2d 1149, a previous case involving the appellant herein. There we held that pre-*Miller* convictions were to be reviewed by giving defendants the benefits of both the *Memoirs* and *Miller* standards.[6] The two tests differ most notably in that to find materials obscene under *Memoirs* they must be "utterly without redeeming social value," while *Miller* requires that the material taken as a whole must lack serious literary, artistic, political or scientific value.[7]

■ In making our independent constitutional judgment under *Jacobellis v. Ohio,* 1964, 378 U.S. 184, 190, 84 S.Ct. 1676, 12 L.Ed.2d 793, as to whether the materials in question are constitutionally protected, we have inspected the magazines in question and have applied both the *Memoirs* and *Miller* standards. We have concluded that all of the materials are obscene under *Miller,* but that one magazine, "Lezo," is protected by the *Memoirs* requirement that to be obscene a work must be utterly without redeeming social value. This magazine is distinguished from the other materials, which we find obscene, in that it contains a serious discussion of female homosexuality. The inclusion of this literary matter in significant proportions precludes a finding that the magazine is utterly without redeeming social value. *Cf. United States v. Thevis, supra,* 484 F.2d at 1157.

---

4. *Paris Adult Theatre I v. Slaton,* 1973, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446; *United States v. Orito,* 1973, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513; *Kaplan v. California,* 1973, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492; *United States v. 12 200-Ft. Reels of Super 8 mm Film,* 1973, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500.

5. *Redrup v. New York,* 1967, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515.

6. The *Memoirs* standard is as follows:
   (1) The dominant theme of the material, taken as a whole must appeal to a prurient interest in sex;
   (2) the materials must be patently offensive because they affront contemporary community standards relating to description or representation of sexual matters;
   (3) the material must be utterly without socially redeeming value.

The *Miller* standard is as follows:
   (1) The average person, applying contemporary community standards would find that the work taken as a whole appeals to the prurient interest;
   (2) the materials are patently offensive depictions or descriptions of sexual conduct specifically defined by the applicable statute;
   (3) taken as a whole the materials must lack serious literary, artistic, political or scientific value.

7. As to the second difference between the two standards, no claim is made here as was made in *United States v. Thevis, supra,* 484 F.2d 1149, that 18 U.S.C.A. § 1461 does not satisfy the *Miller* requirement that the applicable statute must specifically define the sexual conduct whose depictions or descriptions are prohibited.

■ The advertising circulars are also prohibited by 18 U.S.C.A. § 1461[8] because they give information concerning the means by which obscene materials may be obtained. Because we find obscene some of the advertised materials, it is not necessary to determine the obscenity *vel non* of the circulars standing alone. *Cf. Ginzburg v. United States,* 1966, 383 U.S. 463, 465, n. 4, 86 S.Ct. 942, 16 L.Ed.2d 31.

■ In summary, we thus reverse the convictions as to count eleven[9] of the indictment, which contains the magazines "Lezo" and "The Wild Cats." Though we find no redeeming social value in the latter, the conviction cannot stand because of the inclusion in the count of the one nonobscene item. The judgment of conviction as to the remaining counts is affirmed.

Affirmed in part; reversed in part.

8.  18 U.S.C.A. § 1461 provides in part:
    Every written or printed card, letter, circular, book, pamphlet, advertisement, or notice of any kind giving information, directly or indirectly, where, or how, or from whom [obscene matters] . . . may be obtained . . .;

It is declared to be nonmailable matter . . . .

9.  Thevis and The Book Bin, Inc. were convicted on this count. Appellant Pendulum Books, Inc. was not charged in the count.