**STATE of Maine**

v.

**Robert E. FRYE.**

Supreme Judicial Court of Maine.

Aug. 18, 1978.

Michael E. Povich, Dist. Atty. (orally), Ellsworth, for plaintiff.

Markos & Roy by Peter R. Roy (orally), Ellsworth, for defendant.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Appellant Robert E. Frye was indicted for Class A Robbery under 17–A M.R.S.A. § 651, committed in December, 1976. The indictment charged that "while armed with a dangerous weapon, to wit, a firearm, and by threatening to use force" appellant committed theft. A jury found him guilty of the charge alleged in the indictment. Pursuant to 17–A M.R.S.A. § 1252 he was sentenced to serve the mandatory four-year prison term.

Appellant asserts that the trial court erroneously charged the jury concerning the meaning of "dangerous weapon" by instructing it that a dangerous weapon includes any firearm. Appellant's counsel objected, arguing that more was required to make a firearm a dangerous weapon under the provisions of the code then in effect. Under appellant's theory, at the time of the offense a firearm was a dangerous weapon only if in the manner it was used or intended to be used, it was capable of producing death or serious bodily injury. The definition of "dangerous weapon" applicable at the time of the crime in this case was:

" 'Deadly weapon' or 'dangerous weapon' means any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used, is capable of producing death or

serious bodily injury. If the actor intentionally presents, in a covered or open manner, a thing as a deadly weapon, it shall be presumed that the thing was a deadly weapon." 17–A M.R.S.A. § 2(9) (Supp.1976).

 Though the statute is ambiguous on its face, we conclude that the legislature intended that a firearm as defined in the code would always be a dangerous weapon. In recent years our legislature has shown great concern about the danger posed by firearms used in crime. The legislative attitude is illustrated by the provision of chapter 539 of the Public Laws of 1971, which enacted severe penalties for using firearms in certain criminal endeavors. When the new criminal code was enacted, most of those provisions were replaced with provisions manifesting no change in legislative purpose with respect to crimes committed with firearms. In fact, the new code provides for mandatory sentences for certain crimes committed with a firearm. 17–A M.R.S.A. § 1252 (Supps.1976, 1977). The code definition of "firearm" in 17–A M.R.S.A. § 2(12–A) encompasses both loaded and unloaded guns. Thus, the legislature regarded the use of firearms in crime as an evil in itself. The interpretation which makes any firearm a dangerous weapon is consistent with the legislative purpose.[1] We conclude that the trial court properly instructed the jury on this issue.

 Appellant was sentenced pursuant to 17–A M.R.S.A. § 1252 to serve a four-year prison term. The trial justice indicated that he would not have imposed such a stiff sentence if he had discretion. He interpreted the statute to require a four-year sentence and to preclude suspension as part of the sentence. Appellant claims that as applied to him the sentence constitutes cruel and unusual punishment. In addition, he argues that the mandatory sentencing provisions impermissibly limit sentencing discretion and that the trial court erroneously concluded that it had no power to suspend part of the sentence.

This Court has upheld legislative enactments imposing mandatory sentencing requirements. *State v. Briggs,* Me., 388 A.2d 507 (1978); *State v. King,* Me., 330 A.2d 124 (1974); *State v. Farmer,* Me., 324 A.2d 739 (1974). These cases hold that a mandatory sentence provision does not impermissibly limit judicial discretion in sentencing. A mandatory sentence is not cruel and unusual punishment unless the sentence is greatly disproportionate to the offense or the punishment offends prevailing notions of decency. *United States v. Thevis,* 526 F.2d 989 (5th Cir. 1976), *cert. denied,* 429 U.S. 928, 97 S.Ct. 335, 50 L.Ed.2d 299 (1976). We do not believe that a four-year prison term for robbery with a firearm is greatly disproportionate to the offense or offends any prevailing notion of decency. Finally, we conclude that the trial justice properly interpreted the mandatory sentencing statute to preclude suspension of the sentence. Any other construction would undermine the clear statutory purpose.

The entry is:

Appeal denied.

Judgment affirmed.

WERNICK and DELAHANTY, JJ., did not sit.

---

1. P.L.1977, ch. 510, § 9 amended 17–A M.R.S.A. § 2(9) so as to make any firearm a dangerous weapon for purposes of the code, thereby eliminating any possibility of ambiguity in section 2(9).