STATE of Missouri ex rel. George R. "Buzz" WESTFALL, Prosecuting Attorney of St. Louis County, Missouri, Relator,

v.

The Honorable James RUDDY, Judge, Twenty-First Judicial Circuit, St. Louis County, Missouri, Respondent.

No. 61958.

Supreme Court of Missouri, En Banc.

July 23, 1981.

Rehearing Denied Sept. 8, 1981.

Ann Fran Carpini, Asst. Pros. Atty., Clayton, for relator.

Robert Cosentino, Asst. Public Defender, Clayton, for respondent.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, amicus curiae.

BARDGETT, Judge.

Prohibition.

Relator, prosecuting attorney of St. Louis County, filed a two-count information charging Randy Elva Keyes in count one with robbery second degree (§ 569.030) and in count two with armed criminal action (§ 571.015), in that Keyes and another used a gun to commit the robbery alleged in count one. The offenses were committed on June 25, 1979, all as one transaction or occurrence. The information was amended to also charge Keyes with being a dangerous offender (§ 558.016), but that charge is not of consequence in this prohibition proceeding.

Prior to trial date, defendant Keyes moved to dismiss count two, armed criminal

action. The respondent judge sustained that motion on the ground that the state could not proceed on both counts because, under *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980) (Sours I), the charge of armed criminal action violated the double jeopardy provision of Amendment Five of the United States Constitution when filed along with the additional charge of robbery second degree.[1] *See also Sours v. State*, 603 S.W.2d 592 (Mo.banc 1980) (Sours II). The order to proceed on count one, robbery second degree, is simply consequential to the dismissal of count two. The state, however, contends that, assuming both cannot be prosecuted in the same case, the prosecutor, and not the court has the right to decide which count should proceed.

The briefs in this case, in substantial portion, are devoted to issues similar to those which were the subject of *Sours I* and *II* and which are involved in the case of *State v. Haggard*, 619 S.W.2d 44 (Mo.banc 1981) [decided July 14, 1981]. Those issues directly relate to constitutional considerations of whether or not a person may be *convicted* of the crime of armed criminal action *and* the underlying felony *and* be punished for each offense separately. *Haggard* was reheard by this Court in order to consider those constitutional issues in the light of *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Additionally, as per the orders of the United States Supreme Court, a number of cases decided by the Districts of the Missouri Court of Appeals were also under consideration on this issue and were decided concurrently with *State v. Haggard, supra.*

The specific issue in this proceeding is whether or not the state may *charge* armed criminal action and the underlying felony and try both charges in one case.

It is noted that the crimes alleged in this case were committed after January 1, 1979.

The crime of robbery in the second degree is defined by § 569.030, RSMo 1978, as follows: "1. A person commits the crime of robbery in the second degree when he forcibly steals property.

"2. Robbery in the second degree is a class B felony."

A class B felony is punishable by "a term of years not less than five years and not to exceed fifteen years;" § 558.011.1(2), RSMo 1978. This range includes both prison and conditional release terms. See §§ 558.011.1 and 558.011.4(2), RSMo 1978.

The crime of armed criminal action is now defined by § 571.015. Armed criminal action can be broken down into two components: (1) the commission of any *felony*, (2) "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon." The crime is punishable by a term of imprisonment, for the first offense, of not less than three years (three years to life imprisonment) *and* the person convicted is *not* eligible for parole, probation, or suspended imposition or execution of sentence for a period of three calendar years. § 571.015.1, RSMo 1978. Both the original 1976 act (559.225, RSMo Supp.1976) and the reenactment in 1977 (571.015, RSMo 1978) of armed criminal action are essentially the same. The 1978 act is part of the criminal code. S.B. 60, Laws of Mo.1977, p. 658, et seq. Originally, and as reenacted, the armed criminal action statute also provided, "The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with or through the use, assistance, or aid of a dangerous instrument or deadly weapon." The second offense of armed criminal action is punishable by im-

---

1. The circuit court order is as follows:

Pursuant to Defendant's Motion for Dismissal, the Court hereby announces its intent to sustain Defendant's request to dismiss Count 2 of the above cause under the decision announced in *Sours v. State* (Mo.banc, No. 61458, January 15, 1980) [593 S.W.2d 208]. The Court holds that the offense charged in Count 2, Armed Criminal Action, violates the double jeopardy clause of the U.S. Constitution.

Therefore, the Court will order the State to proceed to trial on Count 1, Robbery Second Degree. However, the Court will allow the State the opportunity to seek a Writ before the proper appellate court on the issues presented in this intended ruling by January 31, 1980.

prisonment from five years to life with no probation, etc., for five calendar years and the third and subsequent offenses are punishable by imprisonment from ten years to life with no probation, etc., for ten calendar years. § 571.015.2 and .3, RSMo 1978.

One might illustrate these two crimes (robbery second degree and armed criminal action) with the following equations:

Forcibly stealing property = robbery second degree = 5 to 15 years but probation, parole, etc., are available.

Forcibly stealing property *with a gun* = armed criminal action = 3 years to life (first offense) with no probation, parole, etc., for 3 years.

■ Obviously robbery second degree could be committed without using a deadly weapon and the range of punishment would be five to fifteen years. But, if robbery second degree is committed with the use of a deadly weapon, it becomes armed criminal action and subjects the perpetrator to the possibility of a substantially heavier penalty and a minimum period of incarceration before probation or parole is possible. And, as is evident in this case, it is impossible to commit armed criminal action without committing robbery in the second degree. Armed criminal action, in every case, requires the commission of an underlying felony.

In *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980) (Sours I), *vacated and remanded sub nom. Missouri v. Sours*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980), and *Sours v. State*, 603 S.W.2d 592 (Mo.banc 1980) (Sours II), this Court held it a violation of the double jeopardy provisions of the United States Constitution to convict and sentence a defendant for both robbery first degree and armed criminal action. *Sours II* is reaffirmed in *State v. Haggard, supra*, and the constitutional issues which have been briefed in the instant case are resolved in *Haggard* and need not be further reviewed.

The offense which was the subject of *Sours I* and *II* was committed prior to January 1, 1979. The instant offense arose after January 1, 1979, and is therefore subject to the provisions of The Criminal Code. There is no doubt that the Missouri General Assembly intended and hoped that the substantially increased penalties imposed by the armed criminal action statute would deter or diminish the number of killings which, regrettably, have become commonplace when a weapon is used in the commission of a felony. This intention can be given effect by applying §§ 556.041 and 556.046 to this case. In this way the armed criminal action statute remains a viable part of our criminal law and is available to punish more severely those who use weapons to commit felonies.

■ Application of criminal code §§ 556.-041(1) [2] and 556.046.1(1) [3] permits the prosecutor to charge a defendant, in separate counts, with *both* the underlying felony

---

**2.** 556.041. Limitation on conviction for multiple offenses.—When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in section 556.046; or

(2) Inconsistent findings of fact are required to establish the commission of the offenses; or

(3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

**3.** 556.046. Conviction of included offenses.—

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

(here robbery in the second degree) and armed criminal action (robbery second degree with a gun) and, if the evidence supports both, to submit both felonies to the jury. If the jury determines a weapon was used to commit the underlying felony, it may convict of that offense (armed criminal action) and assess the more severe punishment as provided by the statute. This conviction obviously includes, as it necessarily requires, a finding that the defendant is guilty of robbery second degree. If the jury found no gun was used, it could still convict of the underlying felony. In this fashion, the prosecuting attorney has available the opportunity to obtain a conviction of the more severe crime of armed criminal action with its attendant increased penalties without losing the opportunity to obtain a conviction of the less severe underlying felony should the jury not believe the felony was committed with the use of a deadly weapon.

In *State v. Upshaw* (Mo.App.1981) [W.D.No.31443], and *State v. Arnold*, a case transferred after opinion by the Missouri Court of Appeals, Western District, now pending in this Court as No. 62999, the court of appeals rejected an argument that, under §§ 556.041(1) and 556.046.1 (1), an accused could not be prosecuted and convicted of the underlying felony and armed criminal action. That holding was not necessary to the result because the court of appeals, in both instances, vacated the armed criminal action conviction and sentence under *Sours I* and *II* anyway.

■ The prosecution is not prohibited from charging and trying the defendant for armed criminal action and robbery second degree. Assuming that the evidence in the case supports both crimes, the court may instruct on both armed criminal action and the underlying felony; however, the jury may convict of only one of them pursuant to § 556.041(1). This means that the jury must be instructed that, while they are not required to convict of any offense, that these two offenses are submitted in the alternative and the jury may not convict the defendant of more than one of them.

The trial court was in error in ordering the dismissal of count two and directing that the trial proceed on the other count. Under this Court's holding in the instant case, the prosecution may prosecute for both crimes though the jury may convict of only one. As stated, since January 1, 1979, conviction for both crimes is prohibited by §§ 556.041(1) and 556.046.1(1).

It is, therefore, ordered that the preliminary rule in prohibition is made permanent. The circuit court is directed to set aside its order dismissing count two of the information and its order requiring the state to proceed on count one of the information. The circuit court is further directed to permit the state to proceed to trial on both counts with the jury being instructed that they may convict of only one, if any.

SEILER, WELLIVER, MORGAN and HIGGINS, JJ., concur.

DONNELLY, C. J., and RENDLEN, J., dissent in separate dissenting opinions filed.

DONNELLY, Chief Justice, dissenting.

The majority is of the opinion that a conflict exists between § 556.041 and § 571.015, both enacted in S.B. 60 by the 79th General Assembly, 1st Session, Laws of 1977, pp. 665, 700, effective January 1, 1979.

In *Sours v. State*, 603 S.W.2d 592, 598, 599 (Mo.banc 1980), the majority spoke of § 571.015 (the Armed Criminal Action Statute) as follows:

"The language of the armed criminal action statute shows that the General Assembly clearly intended that a defendant convicted of armed criminal action shall be punished for both armed criminal action and for the underlying felony. Section 559.225, RSMo Supp.1976 (now § 571.015, RSMo 1978) expressly provides that 'any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous or deadly weapon *is also guilty of the crime of armed criminal action.*' (Emphasis added.) The armed criminal action statute provides in three separate subsections for punishment of not less

than three years' imprisonment for the first offense, not less than five years' imprisonment for the second offense, and not less than ten years' imprisonment for the third. The legislative intent to impose punishment both for the underlying felony and for the 'compound' offense of which it is a part is clearly and unambiguously expressed in the following sentence, which appears in each of the three subsections: 'The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous [instrument] or deadly weapon.' There is nothing ambiguous or uncertain about the meaning of this provision. The statute provides that the state may punish for any felony and also punish for that felony a second time in virtue of its having been committed through the use of a dangerous or deadly weapon. This is the plain meaning of the words used, and it is the unmistakable intent of our General Assembly. * * *."

There is respectable authority by which the majority could uphold § 571.015:

" 'It is the established rule of construction that the law does not favor a repeal by implication, but that where there are two or more provisions relating to the same subject matter they must, if possible, be construed so as to maintain the integrity of both.' * * * Where there are in one act * * * specific provisions relating to a particular subject, they will govern in respect to that subject as against general provisions contained in the same act. * * * [And the rule is] that when a general intention is expressed, and also a particular intention, which is incompatible with the general one, the particular intention shall be considered an exception to the general one." 1 J. G. Sutherland and J. Lewis, Statutes and Statutory Construction, §§ 274, 275, at 527, 528, 531, 532 (2d ed. 1904).

*See also State ex rel. Fort Zumwalt School Dist. v. Dickherber*, 576 S.W.2d 532, 536 (Mo.banc 1979); *City of Raytown v.*

*Danforth*, 560 S.W.2d 846, 848 (Mo.banc 1977); *Laughlin v. Forgrave*, 432 S.W.2d 308, 313 (Mo.banc (1968); *Flarsheim v. Twenty Five Thirty Two Broadway Corp.*, 432 S.W.2d 245, 251 (Mo.1968); *Edwards v. St.Louis County*, 429 S.W.2d 718, 721 (Mo. banc 1968); *Brooks v. Cooksey*, 427 S.W.2d 498, 503 (Mo.1968); *Veal v. City of St. Louis*, 365 Mo. 836, 843–44, 289 S.W.2d 7, 12 (1956); *Layson v. Jackson County*, 365 Mo. 905, 909, 290 S.W.2d 109, 111 (1956); *State ex rel. Baker v. Goodman*, 364 Mo. 1202, 1212, 274 S.W.2d 293, 297 (banc 1954); *Fleming v. Moore Bros. Realty Co.*, 363 Mo. 305, 315, 251 S.W.2d 8, 15 (1952); *Eagleton v. Murphy*, 348 Mo. 949, 953, 156 S.W.2d 683, 685 (1941); *State v. Richman*, 347 Mo. 595, 601, 148 S.W.2d 796, 799 (1941); *State ex inf. McKittrick v. Carolene Products Co.*, 346 Mo. 1049, 1059–60, 144 S.W.2d 153, 156 (banc 1940); *State v. Harris*, 337 Mo. 1052, 1058, 87 S.W.2d 1026, 1029 (1935); *State ex rel. Buchanan County v. Fulks*, 296 Mo. 614, 625–26, 247 S.W. 129, 132 (banc 1922); *State ex inf. Barrett v. Imhoff*, 291 Mo. 603, 617, 238 S.W. 122, 125 (banc 1922); *State ex rel. Jones v. Chariton Drainage Dist. No. 1*, 252 Mo. 345, 363, 158 S.W. 633, 638 (banc 1913); *State ex inf. Major v. Amick*, 247 Mo. 271, 292, 152 S.W. 591, 597 (banc 1912); 73 Am.Jur.2d Statutes § 257 (1974).

In my view, it would not be unreasonable for a rational person to believe that the General Assembly intended, and hoped, that the Armed Criminal Action Statute would deter the commission of felonies by *use of a gun* and would diminish, at least to some extent, the killings of human beings which have become commonplace in our lives.

And yet the majority in this case, by use of dicta and for no compelling reason, strains to effectually repeal § 571.015, the Armed Criminal Action Statute.

I concurred in the principal opinion in *State v. Haggard*, 619 S.W.2d 44 (Mo.banc 1981), not because I agree with it, but because I have tired of arraying my judgment against that of the majority of this Court.

I dissent in this case because an unfavorable response by the United States Supreme Court to the principal opinion in *Haggard*,

*supra,* in my view, is a certainty. In light of such contingency, the volunteered references in the principal opinion to § 556.041, RSMo 1978, are extremely unfortunate.

I respectfully dissent.

RENDLEN, Judge, dissenting.

I respectfully dissent for the reasons set forth in my dissenting opinion in *State v. Haggard,* 619 S.W.2d 44 (1981) (No. 62227, decided July 14, 1981). Further, in an attempt to evade the impact of *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), and to fortify their notion of double jeopardy, the majority have engrafted an erroneous statutory interpretation of Missouri's new Criminal Code as an issue in this cause. As to this, I share the sense of disapproval expressed in the dissenting opinion of Chief Justice Donnelly.