**STATE of Missouri, Respondent,**

v.

**Anthony J. KANE, Appellant.**

**No. WD31611.**

Missouri Court of Appeals,
Western District.

Aug. 6, 1981.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Catheryn B. Starke, Asst. Atty. Gen., Kansas City, Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Defendant appeals from a conviction by jury of robbery in the second degree and armed criminal action, each crime being separately charged in different counts of the information. The jury assessed punishment at seven years under the robbery count and thirty-five years under the count for armed criminal action.

Defendant's three points on appeal may be summarized as follows: (1) that the legislature did not intend to authorize prosecution for and conviction of both robbery second degree and armed criminal action; (2) that robbery second degree is a lesser included offense of armed criminal action, and that conviction and sentences for both placed defendant in double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution; and (3) that the judgment and sentence erroneously found defendant guilty of robbery first degree.

■ The offenses charged in this case occurred on March 10, 1979, and are therefore subject to the provisions of The Criminal Code, which became effective January 1, 1979. The determination of defendant's first two points is therefore controlled by *State ex rel. Westfall v. Ruddy*, 621 S.W.2d 42 decided by the Missouri Supreme Court en banc July 23, 1981. Under that decision, defendant's convictions under both counts cannot stand.

A difficult problem remains as to what remedy should be adopted. *State ex rel. Westfall v. Ruddy, supra,* holds that the prosecution may submit to a jury a charge of armed criminal action together with a charge of the underlying felony, but in that event the jury must be instructed that it

can only find the defendant guilty of one, not both. No such instruction was given in this case. It could be argued logically that the failure to so instruct was reversible error which should require remand for a new trial.

Another possibility would be to say that the proper manner in which the jury should have been instructed on this point would have been pursuant to MAI–CR 2.05 (2nd Ed.), which tells the jury that if it does not find the defendant guilty of the principal offense charged, then it must consider whether he is guilty of a lesser included offense. Had the jury been so instructed in this case, it would have found defendant guilty of armed criminal action and then stopped. It would have had no occasion to go further by undertaking consideration of the robbery charge. On that reasoning, the appropriate remedy would be to set aside the conviction for robbery on Count I.

 However, we feel bound to a third course of action, which appears to be required under *State v. Fletcher*, 619 S.W.2d 57, decided by the Missouri Supreme Court en banc on July 14, 1981. In that case, the defendant was convicted of kidnapping, rape, robbery first degree, and armed criminal action. The instructions, quoted in the opinion, show that the crimes charged were committed on May 17, 1979, subsequent to the effective date of The Criminal Code. Notwithstanding this time element, which brought the case within the temporal period governed by *Ruddy*, the Court nevertheless held that the proper remedy was to reverse the conviction for armed criminal action in accordance with *Sours v. State*, 593 S.W.2d 208 (Mo.banc 1980), vacated *Missouri v. Sours*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980), *on remand Sours v. State*, 603 S.W.2d 592 (Mo.banc 1980), *cert. den. Missouri v. Sours*, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981).

It may be that we have read *Fletcher* too broadly, especially since that opinion was decided before *Ruddy*. Because of our doubt on this matter, and because of the general interest and importance of the question involved, we transfer this case to the Missouri Supreme Court under Rule 83.02.

 With respect to defendant's third point, he is correct in saying that the judgment and sentence improperly referred to his having been convicted of robbery first degree. The charge in the information and the verdict of the jury both clearly delineated the crime as being robbery second degree. However this clerical error does not require reversal, since this court may remedy that mistake under the authority of Rule 30.23. *City of Independence v. Peterson*, 437 S.W.2d 168[7] (Mo.App.1969).

The conviction on Count II for armed criminal action is reversed. The judgment and sentence is hereby amended by striking each and every reference therein to "robbery first degree" and substituting therefor "robbery second degree." As so amended, the conviction, judgment and sentence under Count I of the information is affirmed.

However, for the reason hereinabove stated, this case is transferred to the Missouri Supreme Court.

All concur.