Darryl BURSE, Plaintiff-Respondent,

v.

STATE of Missouri, Defendant-Appellant.

No. 44157.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 27, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1981.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Bert L. Gates, Kuelker, Gates & Schaumann, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

The state appeals from the trial court's judgment granting a Rule 27.26 motion to vacate a conviction and sentence for armed criminal action. The Rule 27.26 movant had been convicted of attempted robbery in the first degree, § 560.120 and § 556.150,

RSMo 1969,[1] and armed criminal action, § 559.225, RSMo Supp.1976.[2] The trial court's judgment vacating the conviction of and sentence for armed criminal action was based upon the conclusion that conviction of both attempted robbery and armed criminal action violated the federal constitutional prohibition against double jeopardy. The judgment is affirmed.

The state charges the trial court erred in vacating the movant's conviction of armed criminal action because decisions of the United States Supreme Court[3] would allow a finding that movant's conviction of both attempted first degree robbery and armed criminal action, arising out of the same occurrence, did not place movant in double jeopardy in violation of his rights under the United States Constitution. The state's point is not well taken.

After consideration of United States Supreme Court decisions upon which the state's argument rests, the Missouri Supreme Court again ruled that convictions of first degree robbery and armed criminal action, arising out of the same set of facts, violate the constitutional prohibition against placing an accused twice in jeopardy. *State v. Haggard*, 619 S.W.2d 44, 48–51[9] (Mo.banc 1981). *State v. Haggard, supra,* confirms the earlier rulings which have been designated as *Sours I* and *II. Sours v. State,* 593 S.W.2d 208 (Mo.banc 1980) (*Sours I*), *vacated,* 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 *on remand,* 603 S.W.2d 592 (Mo.banc 1980) (*Sours II*), *cert. denied,* 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981).

The state has not suggested any reason why *State v. Haggard, supra,* would not also control the result in the case under review in which movant was convicted of attempted first degree robbery and armed criminal action. The trial court's judgment vacating movant's conviction of and sentence for armed criminal action was not clearly erroneous.[4]

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.

---

1. Now § 569.020 and § 564.011, RSMo 1978, respectively.

2. Now § 571.015, RSMo 1978.

3. *Albernaz v. United States,* 450 U.S. 336, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Brintley v. Michigan,* 444 U.S. 948, 100 S.Ct. 418, 62 L.Ed.2d 317 (1979);

*Missouri v. Counselman,* 450 U.S. 990, 101 S.Ct. 1690, 68 L.Ed.2d 190 (1981).

4. Question: Could the trial court have vacated the attempted first degree robbery conviction (8 year sentence) and allowed the armed criminal action conviction (35 year sentence) to stand in light of *State ex rel. Westfall v. Ruddy,* 621 S.W.2d 42 (Mo.banc, 1981)? The issue was not briefed by the state.