**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Fred RUSSELL, Defendant-Appellant.**

**No. WD32242.**

Missouri Court of Appeals,
Western District.

Dec. 1, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 8, 1982.

Application to Transfer Denied Feb. 16, 1982.

---

James W. Fletcher, Public Defender, Kevin Locke, Asst. Public Defender, Kansas City, for defendant-appellant.

John Ashcroft, Atty. Gen., Brian P. Seltzer, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before NUGENT, P. J., and DIXON and LOWENSTEIN, JJ.

DIXON, Judge.

Defendant appeals his conviction for burglary in the first degree and armed criminal action with punishment of five and twenty-five years respectively. The facts may be simply stated, no issue having been raised as to the sufficiency of the evidence.

Defendant entered the victim's dwelling, threatened her with a knife, and raped her. There was ample corroborative evidence to prove the charges, as well as the defendant's confession.

1. The 1980 Amendment of § 566.030 RSMo Supp. is not here involved, the commission of

The defendant was initially charged with burglary, class B rape pursuant to § 566.-030 RSMo 1978,[1] and armed criminal action with forcible rape as the predicate felony. At the close of the evidence and during the instruction conference, the state elected not to submit on the charge of rape, submitting to the jury only instructions of burglary and armed criminal action based on the felony of forcible rape committed with a dangerous weapon.

■ The defendant argues, based upon the trilogy of State v. Haggard, 619 S.W.2d 44 (Mo. banc 1981); Sours v. State, 603 S.W.2d 592 (Mo. banc 1980); and Sours v. State, 593 S.W.2d 208 (Mo. banc 1980), that this constitutes double jeopardy. The answer to the "Sours" argument is that only the armed criminal action charge was submitted to the jury. State v. Helm, 624 S.W.2d 513 (Mo.App.1981).

Defendant further argues that the legislature intended by the enactment of the enhanced penalty provisions for forcible rape committed with a weapon under § 566.030 RSMo 1978, that where the underlying felony was rape, the charge of armed criminal action was not available to the state. Both of these arguments are wide of the mark in this case.

There can be no doubt that the elements of class A rape are identical to the elements of armed criminal action utilizing forcible rape as the underlying felony when a weapon is involved. The alternative ground for a determination of class A rape, infliction of "serious physical harm on any person," is not here involved. The elements of both offenses are the act of the forcible rape committed by means of the display of a weapon in a threatening manner. In such circumstances, the offenses are identical offenses, and neither can be the lesser-included offense of the other.

Thus, the analysis of State ex rel. Westfall v. Ruddy, 621 S.W.2d 42 (Mo. banc 1981), is inapposite to the situation here presented. Ruddy suggests that both of-

the offense and trial occurring before the statute was amended.

fenses be submitted and the jury permitted to find which of the offenses was committed. That solution is not appropriate under these facts because neither class A rape nor the armed criminal action could be a lesser-included offense of the other. There is no evidence in this case which would support an inference that a weapon was not involved in the offense, and there is no basis for the jury to find otherwise. The prosecution elected not to submit the class B rape.

 There is no procedural defect in the submission of armed criminal action as a separate offense. *State v. Helm, supra,* so holds as the *Sours* trilogy requires.

 Where two statutes provide for offenses which have identical elements but which impose different penalties, it is within the discretion of the prosecuting officials to select which of the offenses shall be prosecuted. *State v. Gibson,* 623 S.W.2d 93 (Mo.App.1981), and cases cited therein.

Judgment affirmed.

All concur.

