**STATE of Missouri, Respondent,**

v.

**Anthony J. KANE, Appellant.**

**No. 63324.**

Supreme Court of Missouri,
En Banc.

March 9, 1982.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Catheryn B. Starke, Asst. Atty. Gen., Kansas City, Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

## ON TRANSFER FROM THE COURT OF APPEALS

WELLIVER, Judge.

Appellant-defendant appealed to the Missouri Court of Appeals, Western District, from a conviction by jury of robbery in the second degree and armed criminal action. The jury assessed punishment at seven years on the robbery and thirty-five years on the armed criminal action.

The court of appeals affirmed the robbery conviction under Count I and reversed the armed criminal action conviction under Count II.

Because of the general reluctance of courts to reverse the longer sentence and for reason that the Court of Appeals believed this Court had never clearly enunciated its rationale for reversing the armed criminal action conviction as opposed to the underlying felony either in or following our original opinion in *Sours v. State, (Sours I)*, 593 S.W.2d 208, (Mo. banc 1980), and, because of the general interest in this matter, the court of appeals, after opinion, transferred the case to this Court. Rule 83.02.

While this Court has made no effort to statistically document the length of sentences imposed by juries in *Sours*-type cases, our general observation has been that something in excess of ninety-five percent of the cases the much longer sentence has been assessed on the "underlying felony" (robbery) and the shorter sentence on the armed criminal action. We interpret this to mean that juries believed that they were enhancing the longer sentence for the basic underlying crime by the assessment of the penalty on the armed criminal action charge.

In *Sours I*, we briefly alluded to the fact that in the armed criminal action section, then § 559.225, RSMo Supp.1976, "Each subsection contains the sentence: 'The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon.'" 593 S.W.2d 208, 222–23. We then reversed the conviction for armed criminal action. Clearly the quoted language in its usual and customary meaning was the language of enhancement, even though the 1976 reenactment of the statute had converted the statute from an enhancement statute to a statute constituting a separate crime. Laws of Mo.1976, p. 780 (C.C.S.H.B. 1231, 997, 1024, 1116, 1332, & 1346).

It may be helpful to review the pre-*Sours* history of the armed criminal action statute. It was first passed in 1927:

[S.B. 214.]

CRIMES AND PUNISHMENT: Providing Penalty for Commission of Felony While Armed and Increasing Penalty for Each Subsequent Felony Committed.

AN ACT to provide a penalty for the commission of a felony while armed with a pistol or any deadly weapon or instrument and to provide an increased penalty for each subsequent felony committed while so armed and providing for the repeal of all acts and parts of acts inconsistent with this act.

SECTION
1. Providing for increased penalty for committing felony while armed with pistol or deadly weapon.

SECTION
2. Repealing inconsistent acts.

*Be it enacted by the General Assembly of the State of Missouri, as follows :*

Section 1. Providing for increased penalty for committing felony while armed with pistol or deadly weapon.—If any person shall be convicted of committing a felony, or attempting to commit a felony, while armed with a pistol or any deadly weapon the punishment elsewhere prescribed for said offense in the statutes and laws of the state of Missouri for the felony of which he is convicted shall be increased by the trial judge by imprisonment in the state penitentiary for two years. Upon a second conviction for a felony so committed such period of imprisonment shall be increased by fifteen years. Upon a fourth or subsequent conviction for a felony so committed the person so convicted shall be imprisoned for life.

Sec. 2. Repealing inconsistent acts.—All acts and parts of acts inconsistent with this act are hereby repealed.

Approved April 6, 1927.

Laws of Mo.1927, p. 173.

The statute so remained on our books as an enhancement statute from that time until 1976, at which time it was by legislative reenactment converted into a statute constituting a separate and distinct crime:

[C.C.S.H.B. 1231, 997, 1024, 1116, 1332 and 1346]

CRIMES AND PUNISHMENT: Commission of certain crimes with certain weapons.

AN ACT to repeal section 556.140, RSMo 1969, relating to the commission of certain crimes with certain weapons, and to enact in lieu thereof one new section relating to the same subject, with penalty provisions.

SECTION
A. Enacting clause.

SECTION
1. Armed criminal action—penalty—exceptions.

*Be it enacted by the General Assembly of the State of Missouri, as follows :*

Section A. Enacting clause.—Section 556.140, RSMo 1969 is repealed and one new section enacted in lieu thereof, to be known as section 1, to read as follows:

Section 1. Armed criminal action—penalty-exceptions.—1. Except as provided in subsection 4 of this section, any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by imprisonment by the division of corrections for a term of not less than three years. The punishment imposed pursuant to this sub-

section shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years.

2. Any person convicted of a second offense of armed criminal action shall be punished by imprisonment by the division of corrections for a term of not less than five years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of five calendar years.

3. Any person convicted of a third or subsequent offense of armed criminal action shall be punished by imprisonment by the division of corrections for a term of not less than ten years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of ten calendar years.

4. The provisions of this section shall not apply to the felonies defined in sections 559.005, 564.590, 564.610, 564.620, 564.630, and 564.640, RSMo.

Approved June 24, 1976.

Laws of Mo.1976, p. 780, now § 571.015, RSMo 1978.

In order that we may more clearly understand the enhancement aspects of our own armed criminal action (felony firearm) statute, it may be helpful to examine the history of similar statutes from all of the states.

At least twenty states have enacted enhanced punishment statutes. Some require that so many years be added to a sentence for the felony or that so many years of the sentence must be served prior to parole or probation. In addition to Missouri, at least twelve other states have statutes declaring the use of a firearm during a felony to be a separate offense requiring imposition of a separate punishment.

■ The validity of enhancement statutes is clear. As stated in *State v. Foster*, 91 Wash.2d 466, 589 P.2d 789, 797 (1979), "We are aware of no authority which supports appellant's claim of double jeopardy for this type of enhanced penalty scheme." Quoted also in *State v. Davison*, 614 P.2d 489, 498 (Mont.1980). *See also State v. Reese*, 625 S.W.2d 130 (Mo. banc 1981). Other claims challenging the validity of this type of statute have also been rejected. *State v. Warner*, 52 Or.App. 987, 630 P.2d 385 (1981); *People v. Childs*, 610 P.2d 101 (Colo.1980); *State v. Holmes*, 276 N.W.2d 823 (Iowa 1979); *State v. Frye*, 390 A.2d 520 (Me.1978); *State v. Gabaldon*, 92 N.M. 230, 585 P.2d 1352 (N.M.App.1978); *State v. Freeman*, 233 Kan. 362, 574 P.2d 950 (1978); *People v. Bush*, 123 Cal.Rptr. 576, 50 Cal. App.3rd 168 (1975); *Woofter v. O'Donnell*, 91 Nev. 756, 542 P.2d 1396 (1975). In December of 1981, our own Court unanimously recognized the validity of enhancement statutes in a case dealing with our dangerous offender statute saying, "It is an enhancement statute and does not violate the constitutional guarantee against multiple punishment." *State v. Reese*, 625 S.W.2d 130 (Mo. banc 1981).

One court has limited the application of the enhancement statutes to those felonies in which the use of a firearm is not an element of the crime. *State v. Workman*, 90 Wash.2d 443, 584 P.2d 382 (1978). However, the rationale for this decision was that the legislature did not intend for the enhancement statute to apply in such a case. In fact several statutes in other states specifically state that the enhancement statute does not apply where the use of a firearm is an essential element of the offense for

which the defendant is convicted. Sections 12022 *et seq.* Cal.Penal Code (West Supp. 1968); tit. 17–A, § 1252 Me.Rev.Stat.Ann. (West 1981); chap. 265, § 18B Mass.Ann. Laws (LCP 1980); § 193.165 Nev.Rev.Stat. (1968); § 939.63(1)(b) Wis.Stat.Ann. (West Supp. 1981–82); § 6–11–116 Wyo.Stat. (Michie 1981 Supp.). Only § 43–2336.1 Ark. Stat.Ann. (Bobbs-Merrill Supp. 1981), specifically states the enhanced penalty is to be applied even if the felony includes as an element the use of a firearm.

From the foregoing it appears that enhancement statutes have uniformly been upheld. Statutes that are particularly well drafted include § 939.63 Wis.Stat.Ann.;[1] § 6–11–116 Wyo.Stat.Ann.;[2] §§ 43–2336 and 43–2336.1 Ark.Stat.Ann.; § 31–18–16 N.M.Stat.Ann. *See also* the statutes set out in *Woofter v. O'Donnell, supra.*

Double jeopardy principles have been more thoroughly discussed and analyzed in those cases involving double convictions and sentences under both a firearm use statute and a statute defining the underlying felony. The resolution of the issue of whether double jeopardy prohibits these multiple convictions and sentences has not been uni-form. In *State v. Hudson,* 562 S.W.2d 416 (Tenn.1978), the court held the statute defining the use of a firearm during the commission of a felony as a separate crime was merely an enhancement statute not-withstanding the specific language of the statute. *See also State v. Buffa,* 65 N.J.Super. 421, 168 A.2d 49 (1961). Some states concluded such double convictions and sentences were not permitted. *Hunter v. State,* 430 A.2d 476 (Del.1981); *Monroe v. State,* 396 So.2d 241 (Fla.App.1981); *State v. Boudreau,* 113 R.I. 497, 322 A.2d 626 (1974); *Whitton v. State,* 479 P.2d 302 (Alaska 1970). Others held the statutes inapplicable where the predicate felony included as an element the use of a firearm. *People v. Haron,* 85 Ill.2d 261, 52 Ill.Dec. 625, 422 N.E.2d 627 (1981) (so holding on the basis of legislative intent); *Grace v. Harris,* 485 P.2d 757 (Okl.Crim.App.1971), *overruled on other grounds* in *State v. Edens,* 565 P.2d 51 (Okl.Crim.App.1977) (deciding the issue on double jeopardy grounds). Other courts upheld such multiple convictions. *Wayne County Prosecutor v. Recorder's Court Judge,* 406 Mich. 374, 280 N.W.2d 793 (1979). These disparate

1. 939.63 Penalties; use of a dangerous weapon

   (1)(a) If a person commits a crime while possessing, using or threatening to use a dangerous weapon, the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

   1. The maximum term of imprisonment for a Class A, B or C misdemeanor may be increased by not more than 6 months.

   2. The maximum term of imprisonment for a Class A, B or C felony may be increased by not more than 5 years.

   3. The maximum term of imprisonment for a Class D felony may be increased by not more than 4 years.

   4. The maximum term of imprisonment for a Class E felony may be increased by not more than 3 years.

   (b) The increased penalty provided in this subsection does not apply if possessing, using or threatening to use a dangerous weapon is an essential element of the crime charged.

   (2) Whoever is convicted of committing a felony while possessing, using or threatening to use a dangerous weapon shall be sentenced to a minimum term of years in prison, unless the sentencing court otherwise provides. The minimum term for the first appli-cation of this subsection is 3 years. The minimum term for any subsequent application of this subsection is 5 years. If the court places the person on probation or imposes a sentence less than the presumptive minimum sentence, it shall place its reasons for so doing on the record.
   Source:
      L.1979, c. 114 § 1, eff. March 1, 1980 Wis.Stat.Ann. § 939.63 (West Supp.1981).

2. § 6–11–116. Possession of firearm while committing felony; penalty; applicability.

   (a) A person who has in his possession a firearm while committing a felony shall be imprisoned for not more than ten (10) years in addition to the punishment for the felony. For a second or subsequent conviction under this section a person shall be imprisoned for not more than twenty (20) years in addition to the punishment for the felony.

   (b) Subsection (a) of this section does not apply to those felonies which include as an element of the crime the use or possession of a dangerous weapon. (Laws 1979, ch. 158, § 1.)

   Effective dates.—Section 3, ch. 158, Laws 1979, makes the act effective on May 25, 1979.

results are in marked contrast to the earlier cases illustrating the almost universal approval of enhanced punishment statutes.

The balance of the history of our armed criminal action statute appears in *Sours v. State, (Sours I),* 593 S.W.2d 208 (Mo. banc 1980), *vacated,* 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980); *Sours v. State, (Sours II), on remand,* 603 S.W.2d 592 (Mo. banc 1980), *cert. denied, sub nom., Missouri v. Sours,* 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981); and, *State v. Haggard,* 619 S.W.2d 44 (Mo. banc 1981), in which we examined our *Sours* holdings in light of *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), *application for certiorari pending.*[3]

█ It is clear from the foregoing that had our armed criminal action statute remained in its original form as an "enhancement statute", we would not have been required to meet the double conviction issue raised and dealt with in *Sours.* When confronted in *Sours I* with the double conviction on a single set of facts, we reversed the armed criminal action sentence which was the shorter of the two sentences and which appeared to have been intended by the jury to be an enhancement of the penalty assessed on the underlying felony of robbery.

It is our conclusion that in order to establish uniformity of sentencing in *Sours* type cases, the armed criminal action sentence should be reversed in all instances. We recognize and respect the apparent logic of the lesser included offense analysis discussed by the court of appeals in its opinion, but we are convinced that in the historical background of the armed criminal action statute, the net effect of such statute is to enhance (in pure sense of enlarging) the penalty assessed for the underlying felony, whether the statute be phrased in terms of "enhancement" or "separate and distinct offense". The attempt to enhance or enlarge having failed because of being phrased in terms of separate crime or offense and in our opinion thereby violative of the constitutional prohibition against double jeopardy, we are left with only the penalty assessed on the underlying felony. Regrettable as it may be that this ruling may result in the striking of the greater penalty in this and a very few other cases, the application of this rule to all cases will assure that in the great majority of cases the defendant will be required to serve the longer sentence assessed and the law will be uniformly applied as to all defendants by the appellate courts of the state.

The court of appeals reached the correct result when they reversed the armed criminal action. The original opinion of the court of appeals is approved subject to this opinion. A copy of the original court of appeals opinion is attached hereto and is ordered published as the opinion of the court of appeals to be followed in the reporter by this opinion on transfer from the court of appeals. The final judgment on appeal will stand that:

> The conviction on Count II for armed criminal action is reversed. The judgment and sentence is hereby amended by striking each and every reference therein to 'robbery first degree' and substituting therefor 'robbery second degree.' As so amended, the conviction, judgment and sentence under Count I of the information is affirmed.[4]

DONNELLY, C. J., and SEILER, MORGAN and HIGGINS, JJ., concur.

BARDGETT, J., concurs in concurring opinion filed.

RENDLEN, J., concurs in part and dissents in part in separate opinion filed.

BARDGETT, Judge, concurring.

I concur in the principal opinion and file this concurring opinion to state what the present situation is in Missouri regarding

---

**3.** We also note in passing that the 81st General Assembly, Second Regular Session, now has before it a bill attempting to revise the present armed criminal action statute. H.B. 1228, 81st General Assembly, Second Regular Session.

**4.** *State v. Kane,* 629 S.W.2d 370 (Mo.App. 1981).

the trial of an armed criminal action charge and the underlying felony. This discussion, of course, was unnecessary to the decision of the principal opinion, but I think it is of some general importance to note that the problem of deciding which conviction shall stand as between armed criminal action and the underlying felony should not occur in cases tried after publication of *State ex rel. Westfall v. Ruddy*, 621 S.W.2d 42 (Mo. banc 1981).

In *Westfall*, the general question was whether the circuit judge had the authority to order dismissal of either the count charging the underlying felony or the count charging armed criminal action, or whether the state was entitled to try the defendant on both counts. This Court held that the prosecution was entitled to try the accused on both counts, however under the law, the accused could be convicted of only one of them. Therefore, in cases tried after *Westfall*, the jury should convict the accused of armed criminal action if it finds the defendant committed the felony with the use of a deadly weapon and should assess punishment accordingly. If the jury finds the accused guilty of committing the underlying felony, but without the use of a deadly weapon, it should convict of the underlying felony and assess punishment accordingly.

This leaves the matter to the jury. It will result, however, in one conviction for all that the defendant did and the assessment of one sentence which will be in full accord with the conviction obtained.

RENDLEN, Judge, concurring in part and dissenting in part.

I respectfully dissent from that portion of the majority opinion vacating defendant's armed criminal action conviction. Defendant was charged with and convicted of armed criminal action, § 571.015, RSMo 1978 (effective January 1, 1979), and *second* degree robbery, § 569.030, RSMo 1978, (effective January 1, 1979). As the crimes occurred after January 1, 1979, the statutes prescribing these charges are found in the new criminal code, effective on that date.

Without presenting a clear rationale explaining why it chose to strike down one of the convictions instead of the other, the majority reverses defendant's armed criminal action conviction, vacating the 35 year sentence imposed thereunder, but leaves intact the second degree robbery charge which carried only a seven year sentence. Resorting to the statutory elements test for determining a violation of the double jeopardy proscription, the majority, following *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980) (*Sours I*); *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (*Sours II*), and *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981), in some manner not clear from the opinion applies the doctrine announced in those cases to the crimes at bar. Those cases stand for the proposition that the 5 statutory elements of armed criminal action (§ 559.225.1, RSMo Supp.1976),

(A) felonious taking,

(B) property of another,

(C) from his person or in his presence,

(D) by violence or fear,

(E) deadly weapon,

equaled and were identical to the 5 statutory elements of robbery first degree by means of a dangerous and deadly weapon (§ 560.120, RSMo 1969, and § 560.135, RSMo Supp.1975),

(A) felonious taking,

(B) property of another,

(C) from his person or in his presence,

(D) by violence or fear,

(E) deadly weapon.

Concluding that conviction of these equivalent crimes violated double jeopardy, the Court, as previously noted in my dissent in those cases, arbitrarily and without explication of rationale invalidated the armed criminal action convictions but not the robberies. However, in the case at bar the crimes (robbery second degree and armed criminal action) are *not* equivalent because the statutory elements and the prescribed punishments for each crime differ. The armed criminal action here charged, § 571.015, RSMo 1978, includes the following statutory elements:

(A) stealing,

(B) by use or threat of force,

(C) for an enumerated purpose,

(D) deadly weapon.

The Class B felony of robbery second degree, § 569.030, RSMo 1978, which is a *lesser crime*, includes fewer statutory elements, which are:

(A) stealing,

(B) by use or threat of force,

(C) for an enumerated purpose.

I submit that logic compels that the crime consisting of 4 statutory elements which carries the potential for a greater punishment is the greater offense and that which contains only 3 of those elements and which carries the potential for a lesser punishment is the lesser offense. Nevertheless, the majority curiously holds that conviction of the *lesser* offense precludes conviction and punishment [1] for the *greater*. This quixotic application of the principles announced in *Sours I*, *Sours II* and *Haggard* seems specious and is destined to produce further aberrant results in this area of our criminal law.

In addition, the principal opinion is burdened by other patent inconsistencies. The majority concedes the validity of what it denotes as a simple enhancement statute, stating that the armed criminal action statute under consideration defines a separate crime from the underlying or predicate felony, and the majority asserts that because of this fact any convictions under both statutes involved is violative of the double jeopardy clause. However, for the purpose of determining which conviction shall stand, the majority *now* analogizes armed criminal action to an enhancement statute and pronounces that the so-called underlying felony will always be upheld. Of course, the majority's denomination of the armed criminal action as an enhancement statute in this second breath contradicts the double jeopardy analysis urged in the first.

Finally, if the *Sours I* and *II* and *Haggard* synthesis is indeed applicable to these crimes which occurred after January 1, 1979, I must further dissent for the reasons set forth in my dissents in *Sours I* and *II* and *Haggard*.

As noted above, these crimes occurred on March 10, 1979, (after the effective date of the new criminal code, January 1, 1979). The analysis contained in the concurring opinion of Bardgett, J., suggests the decision of this Court in *State ex rel. Westfall v. Ruddy*, 621 S.W.2d 42 (Mo. banc 1981), and its accompanying rationale, as controlling.[2] If that analysis is apt, I would dissent for the reasons set forth in the dissent of Donnelly, C. J., and in my dissent to *Westfall*. Further, if *Westfall* were applied, the result would still be flawed by the arbitrary invalidation of conviction of the greater offense and the upholding of the lesser offense as urged by the concurring opinion of Bardgett, J.

I would affirm defendant's convictions.

---

1. The punishment prescribed for armed criminal action is 3 years to life without the possibility of parole for the first three years. The punishment for robbery second is 5 years to 15 years without restriction on the eligibility for parole.

2. However, *sans* rationale, the concurrence restricts *Westfall* to "cases tried after [its] publication." Bardgett, J., concurring, p. 378).